## Parker, Appellant, *v.* McCrory Stores Corporation.

Argued November 16, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Bennett B. Friedman,* for appellant.

*E. G. Potter,* with him *W. D. Gallup, Robert J. Healy* and *Gallup, Potter & Gallup,* for appellee.

OPINION BY MR. JUSTICE BELL, January 4, 1954:

Plaintiff, about 48 years of age, entered the store of defendant as a prospective customer on Saturday, February 3, 1951, about 3:50 p.m. It had been snowing intermittently during the day and some of the snow had been carried into the store and melted there. There were two doorways; plaintiff entered the right-hand door and walked about 6 feet—taking 3 or 4 steps—and slipped and fell on the wooden floor and suffered severe injuries. He was nonsuited.

On this appeal it is by now hornbrook law that plaintiff must be given the benefit of every fact and every reasonable inference of fact arising from the evidence, and all conflicts therein must be resolved in his favor: *McDonald v. Ferrebee,* 366 Pa. 543, 79 A. 2d 232.

Plaintiff was looking at the floor; it looked very sloppy; he saw it was wet and dirty and there was a

puddle or pool of water about 5 feet in diameter into which he deliberately walked. The aisle was sufficiently wide to have permitted him to have passed by the pool of water if he had gone to his left just by the entrance of the left-hand door. Several witnesses came in after the accident and testified as to the wet floor; two or three witnesses testified to having entered the store three or four or five minutes prior to plaintiff's accident and that the floor was "plenty wet", "a puddle", "a pool of water", when they entered.

The store was not crowded, the lighting was good where plaintiff fell; plaintiff's view was not obstructed by other customers or by carrying any package; and the only evidence of the existence of the pool of water which was caused by the melted snow was that it had existed for a period of from 3 to 5 minutes.

Under these facts the Court below wisely and correctly granted a nonsuit. Plaintiff failed to prove that defendant had either actual or constructive notice of the dangerous condition above described.

In *Lanni v. P. R. R.*, 371 Pa. 106, 88 A. 2d 887, a judgment non obstante veredicto was entered by this Court where a plaintiff fell by slipping upon grease in defendant's driveway, where there was no evidence how long the grease had been on the driveway. The Court said: "The law which is applicable is well settled and has been recently thus stated in Thompson v. Gorman, 366 Pa. 242, 246, 77 A. 2d 413, 'The mere happening of an accident is no evidence of negligence. . . . Plaintiff has the two-fold burden of proving that the defendant was negligent and that his negligence was the proximate cause of the accident: . . . .'

"The defendant in this case was not an insurer; it owed to the plaintiff only the duty of reasonable care in the circumstances, viz., to correct any unsafe con-

dition which was discoverable by the exercise of reasonable care and diligence. Plaintiff had the burden of proving a defect or unsafe condition and that defendant had actual or constructive notice thereof. There was no evidence of actual notice. . . .'What will amount to constructive notice of a defective or dangerous condition existing upon a defendant's premises, necessarily varies under the circumstances of each case. Some of the factors affecting the question, *in addition to the time elapsing between the origin of the defect and the accident,** are the size and physical condition of the premises, . . . and the opportunity which defendant, as a reasonably prudent person, had to remedy it: Langley v. F. W. Woolworth Co., 47 R.I. 165, 131 A. 194. . . .' "

No Court has ever held that five minutes is sufficient constructive notice of a dangerous condition; to so hold would be to make the defendant an insurer. If that were the law, then every time it rained or snowed the owner of a large department store would have to employ a great many extra people for the sole purpose of inspecting every minute or every five minutes every entrance, aisle, corridor and stairway in the store, in order to instantly clean up and eliminate every wet or possibly slippery, or possibly dangerous condition and every puddle which might be found to exist anywhere in the store. Such a standard is not only unreasonable and unsupported by any authority, but is so absurd that it would bankrupt every large store owner in Pennsylvania.

While no authority is necessary to support such an obvious conclusion, *Sheridan v. Horn & Hardart Baking Co.,* 366 Pa. 485, 77 A. 2d 362, is directly in point and rules the instant case. In that case plaintiff mounted a step and started to enter the restaurant

---

* Italics throughout, ours.

through a revolving door, when she slipped and fell. It was raining slightly and it had snowed the day before. The streets outside were slushy and the floor where she fell was wet, slushy, dirty and slippery. She noticed the condition of the floor when she stepped in. The nonsuit was affirmed on the two-fold ground that plaintiff had failed to prove negligence and was also guilty of contributory negligence. The Court in its opinion said (page 487) : "The floor was of smooth tile, and there was nothing on it but the slush and water.

"There was no evidence, apart from the description of general weather conditions, how long the wet and slushy condition of the entryway had existed; no evidence that defendant had taken any measures or no measures to correct it . . . For all we know, an employee may have mopped it up two minutes before Mrs. Sheridan fell. In Flora v. A. & P. Co., 330 Pa. 166 (1938), where recovery was allowed because there was evidence that defendant had a mopper on hand but that no mopping had been done for an hour and a half before plaintiff fell, [which is the farthest this Court has ever gone on the subject of constructive notice] the Court affirmed the idea that stores are not insurers and that some evidence of negligence beyond the mere happening of the accident is needed before the plaintiff can be considered to have met her conventional burden."

The Court below entered a nonsuit for the two-fold reason of insufficient constructive notice and contributory negligence, citing numerous cases to support its position. We need not decide whether plaintiff was barred from recovery for the additional reason that he was guilty of contributory negligence as a matter of law.

Order affirmed.