Waters, Appellant, *v.* Beaty (et al., Appellant).

Argued March 22, 1957. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN and WATKINS, JJ. (RHODES, P. J., absent).

*Richard J. van Roden,* with him *John B. Hannum, 3rd,* and *Pepper, Bodine, Frick, Scheetz & Hamilton,* for additional defendant, appellant.

*Arnold H. Winicov,* with him *Kaiser & Karabel,* for plaintiff, appellant.

*Paul H. Ferguson,* with him *J. F. Malone,* for original defendant, appellee.

OPINION BY HIRT, J., June 11, 1957:

In this action plaintiff, Daniel F. Waters, the owner of an automobile involved in an intersection collision with the car of the defendant, sought recovery of the cost of repairing the damage to his car. Plaintiff's car was driven by his son John O. B. Waters, who was brought into the action as an additional defendant. It was agreed that the cost of the repairs was $786.52 and the jury found for the plaintiff in that amount, against both the original and the additional defendants. On motion of defendant Beaty, the lower court set aside the verdict and granted a new trial applicable to all issues among the parties. The plaintiff and the additional defendant have appealed from that order.

On the plaintiff's side of the case the additional defendant, the driver of plaintiff's car, took the stand but he did not remember the color of the traffic signals as he entered the intersection nor any other of the circumstances. In fact he didn't realize he had been in an accident until he woke up in a hospital the next day. The defendant Beaty had filed his complaint against the additional defendant claiming $693.77 as the necessary cost of repairs to his car. And the only evidence in the record as to the circumstances attending the collision is the testimony of Beaty and his witnesses. The facts developed by this testimony, if credible are open to only one interpretation.

In the early evening of May 24, 1952, on his way home from his work the defendant Beaty was driving his automobile northwardly on Forty-fifth Street in Philadelphia. Forty-fifth Street is a two-way street 34 feet wide, with fifteen-foot sidewalks. Chestnut Street is a one-way street, eastbound, 48 feet in width with sidewalks 21 feet wide. Traffic at the intersection of these two streets is controlled by signal lights

on all four corners. As Beaty approached the intersection traveling at about 25 miles per hour the lights were green for north and southbound traffic. When he was about 20 feet from Chestnut Street he again noted that the traffic lights were still green. He also observed a passenger bus parked along the south Chestnut Street curb at about the west house line of Forty-fifth Street. Beaty drove into the intersection and the traffic lights changed from green to yellow when he had proceeded to a point near the center of Chestnut Street. Then for the first time was he able to see the plaintiff's car when it entered the intersection on Chestnut Street from the west. Plaintiff's car had been driven to the left of and around the parked bus and it proceeded in the intersection directly into the path of Beaty's automobile. A collision was inevitable. Beaty, according to his testimony, had no warning of the approach of plaintiff's car and he was not bound to anticipate that it would be driven blindly into the intersection. The defendant Beaty is corroborated by two fellow workmen who were riding with him in the front seat of his automobile. There were no other eye-witnesses to the collision. But Beaty and his witnesses are supported by a police officer who described "side skid" marks on the pavement as indicating the point of the collision in the northeast quarter of the intersection. In any view, there is nothing in this entire record which charges Beaty with negligence in any degree. Under all of the evidence he was where he, in the exercise of due care, had the right to be, and there was nothing that he could have done to avoid the collision. Of course the jury were not obliged to believe the testimony of the defendant and his witnesses but mere disbelief of this evidence cannot support a verdict for the plaintiff.

On this record we are in full accord with the following from the opinion of the lower court: "In this case there is no affirmative evidence of negligence on the part of the defendant Beaty. The evidence offered by a plaintiff who has the burden of proof must be such as to enable the jury to reconstruct the event on which plaintiff bases his recovery. Davis v. Moylan, 354 Pa. 508. The evidence cannot be so uncertain, inadequate or equivocal or ambiguous as to make a finding a mere conjecture. Wagner v. Somerset County Memorial Park, 372 Pa. 338."

An order awarding a new trial will not be reversed unless palpable abuse of discretion by the trial judge appears. And "One of the least assailable grounds for the exercise of such power [to grant a new trial] is the trial court's conclusion [as here] that the verdict was against the weight of the evidence and that the interests of justice therefore require that a new trial be awarded": *Bellettiere v. Philadelphia,* 367 Pa. 638, 81 A. 2d 857; *Harris v. Ruggles Lumber Co.,* 376 Pa. 252, 101 A. 2d 917. There was no abuse of discretion in the grant of a new trial in the present case.

Order affirmed.