## Lockhart et ux., Appellants, *v.* Longmore (et al., Appellant).

456

Argued April 13, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Daniel B. Winters*, with him *Stein & Winters*, for appellants.

*Bliss R. Mentzer*, with him *Weis & Weis*, for appellee.

OPINION BY ERVIN, J., June 10, 1959:

In these appeals we are asked to overrule the granting of a new trial in an accident case arising out of the right angle collision of two automobiles. The plaintiffs, Charles and Catherine Lockhart, were the owners of a Pontiac automobile which was being driven by Adam Bowman in an easterly direction on North Avenue near its intersection with Federal Street in the City of Pittsburgh shortly after 1:00 a.m. on May 17, 1953. At the same time the defendant, Archie W. Longmore, was driving his automobile in a northerly direction on Federal Street at or near its intersection with North Avenue. Federal Street is a two-way street, six lanes in width. At the intersection of the two above-mentioned streets there was in operation a traffic light which flashed a red signal for traffic on North Avenue and an amber signal for traffic on Federal Street. Bowman testified that he stopped for the red light, looked to his left and then to his right, where he saw the defendant five or six hundred feet away, started to cross, saw the defendant "a couple of hundred feet away" at his second glance to the right, and then felt the impact of the collision on the right rear side of the Pontiac just after it had crossed the center line of Federal Street and had entered the westerly northbound lane thereof.

Mrs. Bowman testified for the plaintiffs but really knew nothing about the accident. She said: "I do not know anything, only that he hit our car. That is all I know about it." She did not testify that her husband stopped before entering the intersection.

Archie W. Longmore testified: "Just as I approached the intersection I slowed down and looked to my right and to my left and I saw Mr. Bowman's car two or three car lengths from the corner, and I tried to go through the intersection, then I looked to

the right and just then Mr. Bowman came straight through the red light and the next thing I knew we had a collision." He also testified that the impact was in the middle of the intersection and that the right front fender of the Pontiac struck his left front fender, causing the two cars to come together in the rear.

A disinterested witness, Theodore August Clark, testified that the car which Bowman was driving did not stop before entering the intersection.

Following the close of the testimony, the court permitted the plaintiffs to amend their claim and state that their automobile was operated by a bailee and not for any purpose of the plaintiffs. The defendant was permitted to file an answer denying the bailment and averring that Adam Bowman was operating the vehicle as an agent for the owners and was acting within the scope of his employment at the time of the accident. The jury returned a verdict in favor of the plaintiffs, against the original defendant, Archie W. Longmore, allowing damages for their car in the amount of $469.06. It also found Adam Bowman, the additional defendant, not guilty of negligence and gave him a verdict on the counterclaim of Archie W. Longmore. The defendant, Archie W. Longmore, filed motions for judgment n.o.v. and a new trial. Thereafter the trial judge, the Honorable HOMER S. BROWN, was appointed to serve as a judge in the Court of Common Pleas of Allegheny County. After argument before a court in banc of the County Court of Allegheny County, the trial judge having resigned from that court, the motion for judgment n.o.v. was refused but the motion for a new trial was granted. Two appeals were then taken, one by Charles Lockhart and Catherine Lockhart, owners of the Pontiac, and the other by Adam Bowman, the driver of the Pontiac.

The court below allowed a new trial for two reasons: (1) that the verdict of the jury was against the weight of the evidence, and (2) that the trial judge erroneously instructed the jury that it could not impute the negligence, if any, of the driver, Bowman, to the owners, the Lockharts.

The appellants argue that it was an abuse of discretion to grant a new trial because the trial judge was not a member of the court in banc and because the plaintiffs established a prima facie case of negligence against the appellee. The removal of the trial judge from the County Court did not affect the right of the court in banc to dispose of the motion for a new trial. The death, disqualification or absence of a judge will not deprive the surviving or remaining judges of authority to hold court and transact the business of the court and, in fact, to exercise all functions pertaining to the particular court: *Com. v. Petrillo,* 340 Pa. 33, 48, 16 A. 2d 50; *Com. ex rel. Gregory v. Gregory,* 188 Pa. Superior Ct. 350, 356, 146 A. 2d 624. An award of a retrial is an inherent power of the court and entirely discretionary: *Bellettiere v. Phila.,* 367 Pa. 638, 642, 81 A. 2d 857. One of the least assailable grounds for the exercise of such power is the trial court's conclusion that the verdict was against the weight of the evidence and that the interests of justice therefore require that a new trial be awarded: *Harris v. Ruggles Lumber Co.,* 376 Pa. 252, 255, 101 A. 2d 917. An order awarding a new trial will not be reversed unless a palpable abuse of discretion by the trial judge appears: *Waters v. Beaty,* 183 Pa. Superior Ct. 558, 562, 132 A. 2d 403. In the present case, the only disinterested witness, Theodore August Clark, testified that Bowman, the operator of plaintiffs' car, did not stop at the intersection in response to the command of the flashing red signal. A flashing red signal requires the

operators of all vehicles to observe the same regulations as for through traffic stop signs and signs at stop intersections: Act of May 1, 1929, P. L. 905, art. X, §1026, as amended, 75 PS §635(g). Longmore had the right to assume that Bowman would not violate the law by driving into the intersection with the flashing red light against him: *Zurcher v. Pittsburgh Rwys. Co.*, 353 Pa. 212, 215, 44 A. 2d 581; *Koehler v. Schwartz*, 382 Pa. 352, 356, 115 A. 2d 155; *LaMarra et al., to use v. Adam*, 164 Pa. Superior Ct. 268, 275, 63 A. 2d 497; *Jordan v. Kennedy*, 180 Pa. Superior Ct. 593, 596, 119 A. 2d 679. Acting upon the assumption that Bowman would stop for the red light was not negligence: *McGavern v. Pittsburgh Rwys. Co.*, 378 Pa. 13, 105 A. 2d 342; *Hogg v. Muir*, 383 Pa. 413, 119 A. 2d 53.

The story told by Bowman is hard to believe. He said he stopped for the red light, looked to his left and then to his right, where he saw the defendant five or six hundred feet away, started to cross, saw the defendant "a couple of hundred feet away" at his second glance to the right, and that from the time he looked to the right and saw the defendant's automobile 200 feet away until he felt the impact of the collision could "only be a few seconds." At another time, when asked about how the accident occurred, he said: "Well, I don't know." At another time he said he saw the Longmore automobile five or six hundred feet away when he was right at the crossing and then he was asked: "And the next thing you knew was when he hit the rear of your bumper?" and he answered "Yes." We believe that the court below was fully justified in granting a new trial on the ground that the verdict was against the weight of the evidence. There was no palpable abuse of discretion in the action taken by the court below.

Because of the above disposition of these appeals, it is unnecessary for us to consider the second reason relied upon by the court below to sustain its orders.

Orders affirmed.