Cohen *v.* Food Fair Stores, Inc., Appellant.

Argued September 17, 1959. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., and HIRT, J., absent).

*Albert C. Gekoski,* for appellant.

*Harvey B. Levin,* with him *Bernstein & Bernstein,* for appellees.

OPINION BY GUNTHER, J., November 11, 1959:

These appeals are from the refusal to grant the motion for judgment n.o.v. and the granting of plaintiffs' motion for a new trial. The action in trespass was instituted by Marvin and Isolde Cohen, husband and wife, against Food Fair Stores, Inc., defendant. The jury returned a verdict in favor of the plaintiff husband in the amount of $745.90 and found for the defendant as to the wife. Plaintiffs' motion for a new trial was based on the ground that the damages awarded by the jury were inadequate and that the verdict as rendered was inconsistent. Defendant's motion for judgment n.o.v. was based on the ground that no negligence was shown on the part of the defendant, or if negligence was shown, plaintiff, Isolde Cohen, was guilty of contributory negligence as a matter of law.

The evidence viewed most favorably to plaintiffs, as it must be on defendant's motion, established the following facts: On November 7, 1955, at approximately 2:30 P.M., Mrs. Cohen entered the Food Fair Store in Coatesville, Pennsylvania and, as she took a full step into the building, her right foot slipped on the wet vestibule terrazzo floor and she landed on the base of her spine. The entire entrance floor was wet. After Mrs. Cohen fell, she noticed that there was water around her. She was wearing a heavy wool skirt and jacket, both of which were wet, muddy and dirty. She was wearing walking shoes with rubber heels. There was evidence introduced that it had been raining from mid-morning, approximately 10:30 A.M., until the time Mrs. Cohen fell at approximately 2:30 P.M. Another customer of defendant's store testified that the vestibule was wet when she entered the store at about 2:15 P.M., and that it had been raining hard all day. The official weather report showed rain at the Coatesville

station for each hour from 11:00 A.M., through the rest of the day. The floor of the vestibule was a terrazzo floor and there was testimony from an architect as to the slippery qualities of terrazzo when wet, and the practice of placing rubber mats, abrasive strips or abrasive materials such as bird gravel on a wet terrazzo floor. Defendant had actual knowledge and notice of the danger to its customers. The store manager testified, when called by plaintiffs, that he put down bird gravel in the vestibule on rainy days to provide traction "so that there would be no cause for any slipping or that there wouldn't be any slipperiness." He further testified that he had not put down any bird gravel that day up to the time Mrs. Cohen reported that she had fallen. Mrs. Cohen had been a customer of the defendant for approximately five years prior to the accident. During that period she had shopped there on numerous occasions when it was raining, and had always been aware of the presence of a gritty substance on the floor of the vestibule. She relied on the same protection on the day of the accident, but the protection was not there.

On this appeal, appellant urges upon us that (1) plaintiff did not prove that the defendant was negligent; that (2) plaintiff has failed to prove either actual or constructive notice to defendant of the alleged dangerous condition; that (3) plaintiff was guilty of contributory negligence in deliberately stepping into the water which was visible, and (4) that the verdict of the jury was not so low as to justify the granting of a new trial. We shall consider these contentions separately.

(1) The testimony of the store manager clearly shows that he knew of the dangerous condition of the vestibule floor on rainy days. In view of his usual practice on rainy days and in view of the weather re-

ports as to the amount of rain which had fallen prior to the accident, the issue whether bird gravel should have been placed on the floor to eliminate the slippery condition and to create traction was properly left for the consideration of the jury. In addition to the testimony of the store manager, expert testimony was introduced as to the slippery qualities of terrazzo floors when wet and the general practice resorted to to eliminate this condition. In view of the decision of our Supreme Court in *Burton v. Horn & Hardart Baking Co.*, 371 Pa. 60, 88 A. 2d 873, defendant urges that this evidence should not have been permitted to be introduced. While there may be some question as to the introduction of this type of evidence in view of that decision, in view of the testimony of the store manager, such testimony was harmless and especially so when it is relied upon to sustain a motion for judgment n.o.v. The cases relied on by the defendant, *Sheridan v. Horn and Hardart Co.*, 366 Pa. 485, 77 A. 2d 362, and *Parker v. McCrory Stores Corp.*, 376 Pa. 122, 101 A. 2d 377, are clearly distinguishable. In the *Sheridan* case, the evidence disclosed that the accident happened before plaintiff had reached the inside of defendant's restaurant and there was no evidence, aside from the general weather conditions, to show how long the slushy condition had existed. In the *Parker* case, there was no evidence of the existence of the dangerous condition long enough to bring it to the attention of the defendant. We believe that the case of *Flora v. Atlantic and Pacific Tea Co.*, 330 Pa. 166, 198 A. 663, and *Cestaric v. Pennsylvania Greyhound Lines*, 139 F. 2d 566, more closely control the facts of this case. Here there was evidence of negligence, over and beyond the weather reports, and we believe the determination of this issue was a question for the jury.

(2)   The defendant had actual notice of the slippery condition of the floor in wet weather but, as stated by the store manager, the weather conditions had not sufficiently advanced to take the customary and necessary precautions.   Ordinarily, when nothing is shown beyond an existing condition itself, and there are no facts to impute knowledge of a dangerous condition, it becomes necessary to show that the condition had existed for a sufficient length of time to impute notice to the defendant.   Here, however, the wet weather conditions periodically created a condition and the testimony disclosed that an established custom was adopted to eliminate the slippery condition caused thereby.   The only question which required an answer was whether, under the conditions of the wet weather existing at the time of the injury, the customary procedure should have been followed.   This situation is similar to the one considered by our Supreme Court in *Morris v. Atlantic and Pacific Tea Company*, 384 Pa. 464, 121 A. 2d 135, wherein the Court noted that "This is so palpable a reality that notice of it could not be more directly brought home to the involved proprietor if it were written in the skies."   We hold, therefore, that the defendant not only had constructive notice but actual notice of a possible dangerous condition.

(3)   On the question of contributory negligence, the evidence disclosed that Mrs. Cohen opened the door on her first full step into the vestibule, which she observed was wet, and as she took either one or two more steps, she fell.   Mrs. Cohen had shopped in the store on many rainy days during the five years before the accident and had always felt gravel or sand under her feet on such days and had not fallen.   She had the right to assume that the usual precautions taken prior thereto would be taken on this day.   Defendant's contention that plaintiff deliberately stepped into the water, and

therefore was testing a known danger, is not borne out by the record.

Although plaintiff admittedly stepped into the puddle of water and that she had seen the water after the first step was taken, it cannot be said that this condition was so obviously dangerous as to have compelled her to stay away from it. The defendant bases its contributory negligence argument on the evidence elicited on cross-examination which might have been considered to be adverse to Mrs. Cohen. However, such testimony would still be for the jury. *Stevenson v. Pa. Sports & Enterprises, Inc.,* 372 Pa. 157, 93 A. 2d 236. The evidence as well as the photographic exhibits introduced clearly disclose that the accident happened inside the premises of the defendant. Plaintiff left the sidewalk and actually entered the door within the premises of the defendant. Under such circumstances, the duty of care of a customer is not as great as that of a pedestrian on the sidewalk. This fact clearly distinguishes the cases cited by defendant in support of its contention. In the *Sheridan* case, supra, the court held that since the plaintiff was not within the restaurant proper when she fell, she was required to use the degree of care required of a pedestrian on the sidewalk. In *Bilger v. Great Atlantic & Pacific Tea Co.,* 316 Pa. 540, 175 A. 496, the plaintiff was outside the doors of the store on an extension of the sidewalk. As stated in *Morris v. Atlantic and Pacific Tea Company,* supra, "In the field of contributory negligence there is an area which although potentially dangerous is not prophetic of resultant mishap. A pedestrian may enter this area, if the exigencies of the moment require him to do so, and if injured therein, it cannot be said that he has convicted himself of contributory negligence as a matter of law." We cannot say, under the circumstances of this case, that the plaintiff was guilty

of contributory negligence as a matter of law but, rather, that the question of contributory negligence was one for the jury.

(4) We agree with the court below that the verdict, if any compensation is allowed, was inadequate. The evidence disclosed special damages in the amount of $1,959.50. The jury returned a verdict in the amount of $745.90 which was intended to cover medical expenses. If that was the intention of the jury, it is clear that this amount covered only a part of the medical expenses. The evidence, although conflicting as to the severity and duration of the injury, clearly disclosed compensable injury as a result of this accident. The jury allowed nothing for pain and suffering. To this extent, at least, the verdict of the jury was inconsistent.

The granting of a new trial is an inherent power and immemorial right of the trial court, and an appellate court will not find fault with the exercise of such authority in the absence of a clear abuse of discretion. *Lupi v. Keenan*, 396 Pa. 6, 151 A. 2d 447; *Lockhart v. Longmore*, 189 Pa. Superior Ct. 455, 151 A. 2d 829. In view of the nature of the verdict, if defendant was responsible for the accident here involved, the plaintiffs are entitled to a verdict for more than just a part of the medical expenses; if, on the other hand, the defendant was free from any negligence on its part, it should not be required to pay anything. The court below, under these circumstances, was not only justified in granting a new trial but, on application, was required to do so.

The judgment and orders of the court below are affirmed.