Harclerode, Appellant, *v.* G. C. Murphy Company, Inc.

Argued December 15, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Samuel H. Stewart,* with him *R. Merle Heffner,* for appellant.

*Morris M. Terrizzi,* for appellee.

OPINION BY MONTGOMERY, J., March 24, 1966:

Following a jury verdict for appellant-plaintiff in an action of trespass for personal injuries judgment n.o.v. was entered for the appellee-defendant because of plaintiff's failure to establish that the negligence of the defendant caused her injuries. This appeal followed.

Under such circumstances the record must be read in the light most favorable to plaintiff, the winner of the verdict, and she is entitled to the benefit of all reasonable inferences of fact to be drawn therefrom, and to have all conflicts in the testimony resolved in her favor. Using this rule as our guide the facts may be stated as follows. Between 11:00 and 11:30 o'clock on the morning of February 10, 1962, plaintiff, Leah Harclerode, 54 years of age, entered defendant's store in Mount Union, Pennsylvania, for the purpose of making a purchase. Snow had fallen during the preceding night but there was no precipitation at the time she entered the store, and although there were some walks from which the snow had not been shoveled, it had been cleared from the sidewalks adjacent to defendant's

store. Immediately inside all entrances to the store there were rubber mats, on one of which plaintiff scraped her feet. After entering the store plaintiff traveled a distance of approximately thirty feet along an aisle and as she passed the checkout counter she made a left turn into another aisle, slipped and fell. At no time before she fell did she notice any water or slush on the floor but, when she was helped to her feet, her clothing was wet and her witness, Mrs. Knepp, testified that the floor was wet and also plaintiff's face was "dabbed . . . with a hankie to take the wet off . . ." Mr. Luke Riley, the store manager, had passed this area one or one and one-half minutes before plaintiff fell and was standing about six feet off this area when plaintiff fell, but he saw no water on the floor before or after the accident.

The jury found, in answer to specific questions put to it, that there was water on the floor at the time and place where plaintiff fell, that it was the proximate cause of plaintiff's fall, that Mr. Riley did not know of the presence of the water and that plaintiff was not guilty of contributory negligence.

In the absence of any evidence to indicate that defendant was actively negligent in creating the condition or had actual knowledge of its existence, plaintiff's case must be supported by evidence to prove that the condition was unsafe and that defendant had constructive notice of it, the burden of proof of which was on the plaintiff. *Parker v. McCrory Stores Corporation,* 376 Pa. 122, 101 A. 2d 377 (1954). Such a defendant is not an insurer; it owed to the plaintiff only the duty of reasonable care in the circumstance, namely, to correct any unsafe condition which was discoverable by the exercise of reasonable care and diligence. *Parker v. McCrory Stores Corporation,* supra.

Proof of the happening of an accident is not sufficient to establish plaintiff's case; nor has our attention

been directed to any case where the mere presence of water on a floor has been held sufficient to prove an unsafe condition, when the quantity and quality of the water is not described. In *Cohen v. Food Fair Stores, Inc.,* 190 Pa. Superior Ct. 620, 626, 155 A. 2d 441, 444 (1959), this Court refused to declare a plaintiff contributorily negligent for knowingly stepping into a puddle of water. Therein we said, ". . . it cannot be said that this condition was so obviously dangerous as to have compelled her to stay away from it."

In each of the cases we have examined there has been much more evidence of a hazardous condition than in the present case. In *Cohen v. Food Fair Stores, Inc.,* supra, the entire terrazzo floor was wet, and it was known to be slippery when wet, compelling the defendant to place bird gravel and other abrasives on it to overcome the slipperiness. In *Dougherty v. Philadelphia National Bank,* 408 Pa. 342, 184 A. 2d 238 (1962), and *Flora v. Great Atlantic & Pacific Tea Company,* 330 Pa. 166, 172, 198 A. 663, 665 (1938), the condition was such as to require constant mopping which had not been done promptly, such condition in each case existing just inside the entrance door. In *Flora v. Great Atlantic & Pacific Tea Company,* supra, our Supreme Court said: "We also agree that 'it is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas.' "

It is not the mere presence of water or even refuse on a floor that shows negligence, for such a condition may arise temporarily in any store though the proprietor has exercised due care. It is such a party's failure to remove such materials as may create an unsafe condition after he knows or should have known of same that establishes negligence. *Martino v. Great Atlantic & Pacific Tea Company,* 419 Pa. 229, 213 A. 2d 608

(1965). Without evidence to describe the water and the condition it created, it cannot be said that this defendant knew of the existence of a dangerous condition or should have known of it solely because its manager had passed the area minutes before and was still within six feet of it at the time plaintiff fell. Applying the statement from *Cohen v. Food Fair Stores, Inc.,* supra, hereinbefore set forth, it may be said that if the condition was not so obviously dangerous as to have come to the attention of plaintiff it was not so obvious as to come to the attention of the manager as he passed it.

Another deficiency in plaintiff's case is the absence of proof that she stepped in any water. It was therefore only conjecture that led the jury to find that water on the floor had caused her to fall. The evidence could lead equally well to the conclusion that plaintiff fell because she turned her ankle as she made the turn into the aisle beyond the checkout counter, which was the reason she gave to the manager when she was picked up.

Judgment n.o.v. was therefore properly entered for the defendant for the failure of plaintiff to meet her burden of proving that her fall, with the resulting injuries, was caused by defendant's negligence.

Judgment for defendant-appellee affirmed.