Kuminkoski, Appellant, v. Daum.

Argued March 13, 1968.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*A. R. Cingolani, Jr.,* with him *Cingolani & Cingo-lani,* for appellants.

*Hugh S. Millar,* with him *Brandon, Millar & Rock-enstein,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, April 16, 1968:

On August 23, 1964, Mrs. Nora Kuminkoski entered the business establishment of the defendant Butler Packing Company to purchase a supply of meat. Emerging from the store, she fell on the outside steps leading down to the ground. She brought suit against the defendant, charging negligence in its allowing a dangerous substance to accumulate on the steps, and in not providing a handrail which she might have grasped to save herself from a fall which could be caused by slipping on the mixture of sawdust, wood chips and fine gravel which coated the treads of the descending exit.

At the ensuing trial the jury was unable to reach an unanimous verdict and was discharged. The defendant moved for judgment on the whole record under the Act of April 20, 1911, P. L. 70, 12 P.S. §684. The judge granted the motion. The plaintiff has appealed.

The judgment entered by the court below cannot be affirmed under existing law. The Superior Court, following utterances of this Court to the same effect, but not as succinctly phrased, well declared in the case of *Johnson v. Dew,* 204 Pa. Superior Ct. 526, that: "Judgment can be entered for the defendant on the whole record only if the evidence, viewed in the light most advantageous to the plaintiff, resolving all conflicts therein in his favor, and giving him the benefit of every fact and inference pertaining to the issues involved which may be reasonably deduced therefrom, would not justify a verdict and judgment in his favor."

The record in the case at bar does not justify the conclusion that a verdict for the plaintiff could not be sustained by the evidence. It shows that for a long time prior to the plaintiff's accident, the defendant was accustomed to sprinkling the floor of its store

with sawdust. It was clear also that this sawdust was tracked outside and some of it fell to the outside steps. Unbeknownst to the plaintiff, and without her having any chance to become acquainted with that fact, some wood chips and fine gravel commingled with the sawdust on the steps to form an unfirm surface. In leaving the store, the plaintiff was carrying a large package, this being the meat she had purchased therein, and thus could not minutely perceive the constituency of the substance which passed under each footstep. Under such circumstances, the plaintiff could not, as a matter of law, be charged with contributory negligence in not having seen, even assuming it was ocularly discernible, the mixture of the elements which pomaded the steps.

The court below, in entering judgment for the defendant, said that the plaintiff had not met the burden of proof of establishing an unsafe condition. In the case of *Katz v. John Wanamaker Phila., Inc.,* 381 Pa. 477, the trial court directed a verdict for the defendant, asserting that the evidence adduced by the plaintiff was insufficient to establish liability on the part of the defendant. There, as here, the plaintiff had fallen on slippery steps under conditions not dissimilar to the ones at bar. In reversing the lower court, this Court said: "From the testimony of the two women the jury could have found that there was a considerable quantity of dirt as well as water on the steps, and that the combination of the two could form a slimy and slippery condition. Plaintiff's evidence must be considered in the light most favorable to her with the benefit of the inference deducible from the testimony. So considered, we cannot say that plaintiff failed to make out the existence of an unsafe or dangerous condition."

In the instant case, it would be a most reasonable inference from the evidence that the commingling of sawdust, wood chips and fine gravel, could produce a skidding surface.

The plaintiff also charged the defendant with negligence in failing to provide a handrail in a situation where such an item would be required if the defendant was to honor its obligations to exercise reasonable care for the safety of its customers. A possessor of land encumbered by a set of steps which, because of exposure to weather or other foreseeable conditions, may become slippery or otherwise unsafe to pedestrians, has the duty in its exercise of reasonable care, to equip the stairway with a graspable handrail or some other device which may offer refuge in the event the pedestrian loses his footing.

The court below also said that the plaintiff had not proved that the defendant knew or should have known of the existence of the unsafe condition. In *Katz v. John Wanamaker*, 381 Pa. 477, this Court said: "What will amount to constructive notice of a defective or dangerous condition existing upon a defendant's premises, necessarily varies under the circumstances of each case and is not solely determinable by the lapse of time between the origin of the unsafe condition and the accident."

The presence of the sawdust on the steps was not a mere chance occurrence but a continuing condition known to the defendant. Its mixing with other substances to produce a dangerous situation for patrons of the defendant's establishment was a set of facts from which the jury could conclude constructive notice to the defendant.

Judgment reversed with a venire facias de novo.

Mr. Justice EAGEN, Mr. Justice O'BRIEN and Mr. Justice ROBERTS concur in the result.

Mr. Justice JONES and Mr. Justice COHEN dissent.

498

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

On August 23, 1964, at approximately 11:00 A.M., plaintiff went to defendant's store to purchase meat. For a long time she had been going there, twice a month to purchase meat. The steps on which she fell the day of the accident were the same steps which she used and had been using for many months to enter and leave the store. Moreover, (1) the sawdust was on the inside floor, as well as on the steps; and (2) plaintiff had seen the sawdust on the steps when she went into the store that morning and when she came out and fell. Indeed, plaintiff had known of the sawdust condition of this store and its steps for a long time, and if this sawdust created a dangerous condition, plaintiff knew it and assumed whatever risk there was of falling.

Furthermore, plaintiff admitted that because of the size of the package of meats she was carrying she could not even clearly see the steps and she had to "squeeze" her head to see the steps beyond her package. Not only did she assume the risk of danger, but she was also clearly guilty of negligence, which should bar her recovery.

For the above reasons, I would affirm the Judgment of the lower Court.