## Blakely v. St. Marguerite's Mutual Beneficial Society

*John E. Quinn,* for plaintiff.
*Joseph W. Selep* and *Christina A. Rogers,* for defendant.

COX, *J.,* November 10, 2009—Before the court for disposition is the motion for summary judgment filed on behalf of the defendant St. Marguerite's Mutual Benefi-

cial Society, which argues that St. Marguerite's floor was not in an unreasonably dangerous condition, the defendant did not have actual or constructive notice of the alleged dangerous condition and the condition of the floor was open and obvious to the plaintiff.

St. Marguerite's is a social club with its place of business located at 27 North Liberty Street, New Castle, Lawrence County, Pennsylvania. St. Marguerite's routinely held a "wing night" for its members and hosted a "fish fry" on Friday evenings during Lent. The plaintiff often prepared and served food for those events and was able to retain any money she received from the sale of food. On March 12, 2008, the plaintiff Gwen A. Blakely and Mary Jane Domenick arrived at the St. Marguerite's club premises to clean the deep fryers in preparation for "wing night" the following night. The plaintiff slid on the tile floor as she was carrying a tray of boiling grease and water from the fryer. The grease and water spilled on the plaintiff and she suffered burns and scarring to her arms, legs and buttocks.

The plaintiff filed a complaint on June 26, 2008, and discovery was conducted by the parties. On August 19, 2009, St. Marguerite's filed this motion for summary judgment contending that St. Marguerite's floor was not in an unreasonably dangerous condition, the defendant did not have actual or constructive notice of the alleged dangerous condition and the condition of the floor was open and obvious to the plaintiff.

The purpose of the summary judgment rule is to eliminate cases prior to trial where a party cannot make out a claim or defense after the relevant discovery has been completed. *Miller v. Sacred Heart Hospital,* 753

A.2d 829 (Pa. Super. 2000). The mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for a trial. The summary judgment rule exists to dispense with a trial of a case or, in some matters, issues in a case, where a party lacks the beginnings of evidence to establish or contest a material issue. *Ertel v. Patriot-News Company*, 544 Pa. 93, 674 A.2d 1038 (1996), *reargument denied* (1996), *certiorari denied*, 519 U.S. 1008 (1996).

Any party may move for summary judgment in whole or in part as a matter of law whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report or if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa.R.C.P. 1035.2. However, summary judgment is only appropriate when discovery relevant to the motion has been completed. *Id.* Summary judgment may be granted only in cases where it is clear and free from doubt that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment as a matter of law. *Kafando v. Erie Ceramic Arts Co.*, 764 A.2d 59, 61 (Pa. Super. 2000) (citing *Rush v. Philadelphia Newspapers Inc.*, 732 A.2d 648, 650-51 (Pa. Super. 1999)).

The moving party bears the burden of proving the non-existence of any genuine issue of material fact.

*Kafando, supra.* A material fact, for summary judgment purposes, is one that directly affects the outcome of the case. *Gerrow v. Shincor Silicones Inc.,* 756 A.2d 697 (Pa. Super. 2000); *Kuney v. Benjamin Franklin Clinic,* 751 A.2d 662 (Pa. Super. 2000). The non-moving party must adduce sufficient evidence on issues essential to his case on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Ertel, supra.* The non-moving party must demonstrate that there is a genuine issue for trial and may not rest on averments in its pleadings. *DeSantis v. Frick Company,* 745 A.2d 624 (Pa. Super. 1999); *Merriweather v. Philadelphia Newspapers Inc.,* 453 Pa. Super. 464, 470-72, 684 A.2d 137, 140 (1996).

When determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hughes v. Seven Springs Farm Inc.,* 563 Pa. 501, 762 A.2d 339 (2000); *Dean v. PennDOT,* 561 Pa. 503, 751 A.2d 1130 (2000). Summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *P.J.S. v. Pennsylvania State Ethics Commission,* 555 Pa. 149, 153, 723 A.2d 174, 176 (1999); *Basile v. H&R Block Inc.,* 563 Pa. 358, 761 A.2d 1115 (2000); *Kuney v. Benjamin Franklin*

*Clinic,* 751 A.2d 662 (Pa. Super. 2000); *Stevens Painton Corporation v. First State Insurance Company,* 746 A.2d 649 (Pa. Super. 2000).

Only when the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment. *Basile, supra.* If there are no genuine issues of material fact in dispute or if the non-moving party has failed to state a prima facie case, summary judgment may be granted. *Dudley v. USX Corporation,* 414 Pa. Super. 160, 606 A.2d 916 (1992). Thus, a proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense. *Rauch v. Mike-Mayer,* 783 A.2d 815 (Pa. Super. 2001). The trial court must confine its inquiry when confronted with a motion for summary judgment to questions of whether material factual disputes exist. *Township of Bensalem v. Moore,* 152 Pa. Commw. 540, 620 A.2d 76 (1993). It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Pennsylvania Securities Commission,* 134 Pa. Commw. 494, 579 A.2d 1358 (1990).

First, St. Marguerite's claims that the tile floor located in the club's kitchen was not in an unreasonably dangerous condition. It must be noted that the parties stipulated the plaintiff would be considered an invitee for the purpose of this motion.

It is well-established that the possessor of land has a duty to exercise reasonable care to prevent harm caused by a dangerous condition of the land. *PennDOT v. Patton,* 546 Pa. 562, 567, 686 A.2d 1302, 1304-1305 (1997)

(quoting Restatement (Second) of Torts §343). However, the possessor of land is not an insurer of a business invitee's well-being and a possessor of land does not incur liability merely because an accident occurred. *Hess v. Sun Ray Drug Co.,* 387 Pa. 199, 200-201,127 A.2d 699, 700-701 (1956) (citing *Parker v. McCrory Stores Corp.,* 376 Pa. 122, 101 A.2d 377 (1954)). A possessor of land owes a duty to protect an invitee from foreseeable harm, but that does not include conditions that are known to, or discoverable by, the invitee. *Carrender v. Fitterer,* 503 Pa. 178, 185, 469 A.2d 120, 123 (1983) (citing Restatement (Second) of Torts §§341A, 343, 343A). The possessor is liable only if the following conditions are met:

"(a) knows or by the exercise of reasonable care would discover the condition, and should be realized that it involves an unreasonable risk of harm to such invitee, and

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"(c) fails to exercise reasonable care to protect them against the danger." *Id.*

A landowner must make a reasonable inspection of the premises to discover the actual condition and any latent defects on the premises. *Argo v. Goodstein,* 438 Pa. 468, 476-77, 265 A.2d 783, 787 (1970) (citing Restatement (Second) of Torts §343). The extent of the care to be exercised by the possessor of land is determined by the circumstances surrounding the use for which the invitee entered the property. *Starke v. Long,* 221 Pa.

Super. 338, 341, 292 A.2d 440, 443 (1972) (quoting Restatement (Second) of Torts §343). "A possessor who holds his land open to others must possess and exercise a knowledge of the dangerous qualities of the place itself and the appliances provided therein which is not required of his patrons." *Starke,* 221 Pa. Super. at 344, 292 A.2d at 444. It is apparent that no inference of negligence can be drawn merely because there is a greasy substance on the floor and that substance caused the plaintiff's injury. *Reay v. Montgomery Ward & Company Inc.,* 154 Pa. Super. 119, 120, 35 A.2d 558 (1944) (citing *Dickey v. Boggs & Buhl Inc.,* 345 Pa. 453, 29 A.2d 1 (1942)).

Where previous experiences provide the defendant with knowledge that a slippery substance accumulates on the floor, the defendant must take precautions to warn or protect the invitees traversing the floor, which includes mopping the floor, placing a rug on the floor or placing a warning sign near the problem area. *Miller v. Peter J. Schmitt & Co. Inc.,* 405 Pa. Super. 502, 511, 592 A.2d 1324, 1328-29 (1991). In *Miller,* an ice service employee delivered ice to a supermarket in accordance with a contract. The employee had been delivering ice to the supermarket for more than one year, which included delivering several hundred bags of ice weekly. The procedure for delivering the ice required that the employee utilize an open cart to transport the bags of ice from the delivery truck to the ice machine. While transporting the ice, water from the bags would leak on the highly glossed floors in the supermarket, causing a slippery surface. Normally, the employee carried a mop on the cart to clean any spillage or leakage off the floor, but failed to do so during the day in question. Additionally, the supermarket had rugs placed in the produce area as a precaution for

the moisture that accumulated on the floor in that area, but failed to place rugs near the ice machine. Several minutes after the ice was delivered, the plaintiff walked on the wet surface near the ice machine and fell. It must be noted that the supermarket subsequently placed rugs near the ice machine after the plaintiff's accident. The *Miller* court denied the supermarket's motion for judgment n.o.v. as the plaintiff presented a question of fact for the jury as to whether the supermarket should have placed rugs near the ice machine to prevent slipping. *Id.*

In the case sub judice, the plaintiff provided testimony that the floor was a dangerous condition as it was constructed of tile and located near a fryer from which oil was frequently spilled causing the floor to become slippery. Additionally, Nick Perrotta, president of St. Marguerite's, testified that he made sure mats were placed on the floor when he used the fryers and he believed the mats should be placed on the floor when anyone else used the fryers as well. However, the mats were not placed on the floor near the fryers in the kitchen when the plaintiff slipped and was injured because the mats were removed and stored outside due to the previous caterers' failure to remove them while cleaning the tile floor. Also, Mary Jane Domenick observed the mats outside, but did not know if they were available for use in the kitchen area, indicating that those who were working on the night of plaintiff's accident were unaware of the availability of the mats. In accordance with the *Miller* decision, it is a question of fact for a jury to decide whether the tile floor near the fryer was an unreasonably dangerous condition and whether St. Marguerite's should

have placed the mats near the fryer to remedy that condition.

Next, St. Marguerite's claims that it did not have actual or constructive notice of the defective condition of the tile floor in the kitchen. The plaintiff indicates that St. Marguerite's had notice of the condition as evidenced by the testimony of its president, Nick Perrotta.

Actual and constructive notice of a defective condition is a prerequisite to impose liability upon a possessor of land. *Stais v. Sears-Roebuck and Company,* 378 Pa. 289, 292, 106 A.2d 216, 217 (1954). (citations omitted) If the dangerous condition was caused by the defendant or the defendant's agent, the plaintiff does not have to prove any notice to hold the defendant liable for the resulting harm. *Porro v. Century III Associates,* 846 A.2d 1282, 1285-86 (Pa. Super. 2004) (quoting *Myers v. Penn Traffic Co.,* 414 Pa. Super. 181, 186, 606 A.2d 926, 929 (1992)). Conversely, if the condition was not caused by the defendant or the defendant's agent, the plaintiff must establish that the defendant had notice of the dangerous condition. *Id.* "[T]he time of constructive notice depends on the particular circumstances of the case." *Lederhandler v. Bolotini,* 402 Pa. 250, 255, 167 A.2d 157 159 (1961). In accordance with that rule, there can be a situation where five minutes would be adequate notice and where five hours would be inadequate notice. *Branch v. Philadelphia Transportation Company,* 374 Pa. 60, 65, 96 A.2d 860, 862 (1953). The existence of constructive notice of a dangerous condition is based upon several factors, including but not limited to: (1) the time that elapsed from the creation of the defect and the incident in question; (2) the size and physical condition of the

premises; (3) the nature of the business; (4) the number of people using the premises; (5) the frequency of use of the premises; (6) the nature of the defect; (7) the defect's location on the premises; and (8) the opportunity that the defendant had to remedy the defect. *Davanti v. Hummell,* 409 Pa. 28, 32-33, 185 A.2d 554, 556-57 (1962).

In the current matter, St. Marguerite's club had notice of the alleged dangerous condition of the floor as evidenced by the deposition testimony of Nick Perrotta. He stated that he always placed the mats on the tile floor before using the fryers and the mats should always be used when the fryers were being utilized. Additionally, Mr. Perrotta informed Mary Jane Domenick that mats were customarily placed near the deep fryers; however, they were removed because caterers commonly failed to remove the mats to adequately clean the floors. The evidence presented indicates that St. Marguerite's club was aware of the dangerous condition of the floor caused by the spillage of oil and failed to remedy that condition by placing mats on the floor surrounding the deep fryers, even though Mr. Perrotta routinely did so when he utilized the fryers.

Finally, St. Marguerite's club contends that the danger presented by oil on the tile floor was an open and obvious condition. The plaintiff should have been aware of this condition and protected herself from it. The plaintiff contends that she was unaware of the substance on the floor and also the mats were not available to her for protection when walking on the slippery tile.

Pennsylvania law does not impose liability upon a possessor of land if a dangerous condition was obvious to the injured party. *Carrender, supra* (citing *Palenscar*

*v. Michael J. Bobb Inc.,* 439 Pa. 101, 106-107, 266 A.2d 478, 480, 483 (1970); *Repyneck v. Tarantino,* 415 Pa. 92, 95, 202 A.2d 105, 107 (1964); *Kubacki v. Citizens Water Co.,* 403 Pa. 472, 170 A.2d 349 (1961)). "[A] danger is obvious when 'both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment.'" *Baran v. Pagnotti Enterprises Inc.,* 402 Pa. Super. 298, 306, 586 A.2d 978, 982 (1991) (quoting *Berman v. Radnor Rolls Inc.,* 374 Pa. Super. 118, 137, 542 A.2d 525, 534 (1988)). Moreover, a possessor of land is not liable when an invitee discovers an obvious and avoidable condition and decides to encounter the same voluntarily. *Chiricos v. Forest Lakes Council Boy Scouts of America,* 391 Pa. Super. 491, 498-99, 571 A.2d 474, 477 (1990). It must also be noted that a possessor of land may still incur liability where the possessor should anticipate the dangerous condition will cause physical harm, even though the dangerous condition is obvious to the plaintiff. *Jones v. Three Rivers Management Corporation,* 483 Pa. 75, 88, 394 A.2d 546, 552 (1978) (citing Restatement (Second) Torts §343(a) comment f).

In *Kuminkoski v. Daum,* 429 Pa. 494, 496, 240 A.2d 524, 525 (1968), the court held that a verdict could be sustained by the evidence presented by the plaintiff where the plaintiff slipped on sawdust spread throughout a butcher's shop. The plaintiff exited a butcher's shop carrying a large package containing meat she just purchased and she could not determine the nature of the substance she was walking on. The case proceeded to trial and the jury was unable to reach a unanimous verdict. The defendant moved for judgment on the whole record, which

was granted by the trial court and was appealed by the plaintiff. The *Kuminkoski* court reasoned that the plaintiff could not be held liable for contributory negligence as a matter of law as she lacked the opportunity to become acquainted with the sawdust on the floor prior to purchasing the meat and would not have known that the substance was present, nor that it caused an unstable surface on the steps near the exit, even though the sawdust was readily observable. *Id.* The *Kuminkoski* court held, "[P]laintiffs evidence must be considered in the light most favorable to her with the benefit of the inferences deduced from the testimony. So considered, we cannot say that plaintiff failed to make out the existence of an unsafe or dangerous condition." *Id.*

The current case is similar to *Kuminkoski* as the plaintiff has provided evidence that she was unaware of the existence of the slippery substance on the tile floor near the fryers. It appears that the substance accumulated on the floor while the plaintiff was cleaning the fryers and carrying large pans containing boiling water and oil. The evidence creates a question of fact as to whether the plaintiff was aware of the slippery condition of the floor and whether she was negligent for failing to take reasonable precautions when traversing the floor. Moreover, the plaintiff presented testimony that the mats were not placed on the floor surrounding the fryers and the plaintiff and Ms. Domenick were unaware of the mats availability because Mr. Perrotta informed Ms. Domenick that the mats were stored outside due to caterers not cleaning underneath them. In accordance with the court's decision in *Kuminkoski,* the plaintiff in the current matter has presented sufficient evidence to permit this case to proceed to trial.

For the reasons set forth in this opinion, the defendant's motion for summary judgment is denied as the plaintiff has presented sufficient evidence to create issues of material fact for trial.

## ORDER

Now this November 10, 2009, this case being before the court on October 26, 2009, for oral argument on the motion for summary judgment filed by the defendant, with both parties appearing through counsel, the plaintiff, Gwen A. Blakely, represented through counsel, John E. Quinn, Esquire and the defendant, St. Marguerite's Mutual Beneficial Society, represented through counsel, Joseph W. Selep, Esquire and Christina A. Rogers, Esquire and after consideration of the arguments and briefs presented and submitted by counsel, and a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

(1) In accordance with the attached opinion, the motion for summary judgment filed by the defendant is hereby denied.

(2) The prothonotary is directed to serve a copy of this order of court upon counsel of record.