J-S09011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SARAH C. WEBB | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WEIS MARKETS, INC. | : | No. 2659 EDA 2024 |

Appeal from the Order Entered September 4, 2024
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2021-15356

BEFORE:   LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:              **FILED APRIL 24, 2025**

Sarah C. Webb appeals from the order, entered in the Court of Common Pleas of Montgomery County, granting summary judgment in favor of Appellee Weis Markets, Inc. ("Weis"), in this slip and fall case.  After our review, we affirm.

On July 17, 2019, Webb slipped and fell upon entering Weis Markets in Gilbertsville, Montgomery County.  The weather had been rainy "off and on" that day, but Webb's flip flops were dry when she entered the store.  Webb Deposition, 3/24/23, at 28, 42-43.  Webb was 99% sure that the substance she slipped on was water, although did not recall seeing water on the floor. *Id.* at 44, 47.  As a result of her fall, Webb alleged that she sustained "multiple painful and debilitating injuries to her body, including but not necessarily

_____

[*] Former Justice specially assigned to the Superior Court.

limited to her coccyx, back, hips, spine, legs, knees[,] and ankles." Complaint, 5/18/22, at ¶ 10.

Webb initiated suit against Weis by writ of summons filed on July 17, 2021. She subsequently filed a complaint on May 18, 2022, alleging one count of negligence for "[f]ailure to cover the bare tile floor of [Weis'] premises, and in particular at or near the entrance to the premises, with non-slippery material to [sic]." Complaint, 5/18/22, at ¶ 21(a). Weis filed an answer with new matter on July 1, 2022; Webb filed her response to new matter on July 7, 2022. During discovery, Webb did not serve Weis with written discovery, take depositions, or produce an expert report. On May 8, 2024, Weis filed a motion for summary judgment, to which Webb responded on June 5, 2024. On September 4, 2024, the trial court entered the instant order granting summary judgment in favor of Weis. Webb filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Webb raises the following claim for our review:

> Whether the trial court erred as a matter of law in granting Weis' motion for summary judgment and dismissing all of Webb's complaint with prejudice because the record before the trial court, viewed in the light most favorable to the non-moving party, established that Webb was not relying merely upon her pleadings, and that genuine issues of material fact existed as to the issues of Weis' negligence, negligent acts and omissions, liability, and the existence, nature, and extent of Webb's damages, as well as whether Webb's damages were caused, in whole or in part, by Weis' negligence and negligent acts and omissions, and that the case was not clear and free from doubt, such that Weis was not entitled to summary judgment as a matter of law.

Brief of Appellant, at 4-5 (issues combined and reworded for ease of disposition).

> Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law[,] and our scope of review is plenary. We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.
>
> * * *
>
> [] Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Further, failure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.

*Rodriguez v. Kravco Simon Co.*, 111 A.3d 1191, 1193 (Pa. Super. 2015), quoting *Sokolsky v. Eidelman*, 93 A.3d 858, 861–62 (Pa. Super. 2014) (quotation marks and citations omitted).

There is no dispute that Webb was an invitee at Weis' market; thus, the following principles of law are applicable.

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger.

- 3 -

RESTATEMENT (2d) OF TORTS § 343.  This Court has explained the import of this section of the Restatement as follows:

> [T]he mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition[,] is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor [does it] raise[] a presumption of negligence.  In order to recover damages in a slip and fall case such as this, the invitee must present evidence which proves that the store owner deviated in some way from his duty of reasonable care under the existing circumstances.  This evidence must show that the proprietor knew, or in the exercise of reasonable care should have known, of the existence of the harmful condition.  Section 343 also requires the invitee to prove either that the store owner helped to create the harmful condition, or that it had actual or constructive notice of the condition.

*Rodriguez*, 111 A.3d at 1193, quoting *Zito v. Merit Outlet Stores*, 647 A.2d 573, 575 (Pa. Super. 1994) (internal citations and quotation marks omitted).

> What will amount to constructive notice of a defective or dangerous condition existing upon a defendant's premises[] necessarily varies under the circumstances of each case.  Some of the factors affecting the question, in addition to the time elapsing between the origin of the defect and the accident, are the size and physical condition of the premises, . . . and the opportunity which defendant, as a reasonably prudent person, had to remedy it.

*Parker v. McCrory Stores Corp.*, 101 A.2d 377, 378 (Pa. 1954).

Here, the trial court found that Webb failed to prove that (1) Weis had actual or constructive notice of the dangerous condition, i.e. water on the floor, or (2) her fall in Weis' store caused her injuries.  Regarding breach of duty, the court noted that where, as here, there is no evidence of Weis' actual knowledge of the presence of water on its floor, Webb was required to prove that the alleged defect "had existed for a sufficient time to charge [Weis] with

constructive notice." Trial Court Opinion, 12/11/24, at 5, citing *Cutler v. Dushoff*, 159 A.2d 524, 526 (Pa. Super. 1960). The trial court observed that "[a]ppellate courts have repeatedly [affirmed the denial of] negligence [claims against] store owners when constructive notice cannot be imputed [to] the defendant/store owner as the plaintiff is unable to present evidence regarding how long a liquid existed on the floor." Trial Court Opinion, 12/11/24, at 6, citing *Sheridan v. Horn & Hardart Baking Co.*, 77 A.2d 362 (Pa. 1952) (nonsuit affirmed where no evidence, apart from description of general weather conditions, of how long wet and slushy condition of entryway had existed); *Toro v. Fitness Int'l LLC*, 150 A.3d 968 (Pa. Super. 2016) (grant of summary judgment affirmed where no evidence as to length of time wet condition of floor existed or that defendant had actual or constructive knowledge thereof); *Rodriguez*, *supra* (grant of summary judgment affirmed where only evidence of constructive notice of liquid on floor was that edges of liquid had become dry and sticky; without evidence of how long it takes liquid in question to become sticky or dry, jury would be unable to determine whether liquid present for sufficient time to establish constructive notice). The trial court concluded that, even accepting as true Webb's assertion that there was water on the floor as a result of that day's periodic rain, Webb presented no evidence—such as how long the water had been there or whether or not Weis had taken any corrective measures—to establish constructive notice.

Webb argues that "the key dangerous condition that caused [her] to fall was not necessarily a pre-existing substance on the floor; rather, it was the negligent absence of a mat or rug on the bare tile floor at the entrance to protect [her], and other invitees like her, from slipping on that entrance-area of floor, **due to their own feet being wet from the recent rainstorm**." Brief of Appellant, at 17-18 (emphasis in original). However, periodic rain is not an inherently dangerous condition. In **Parker**, **supra**, the plaintiff slipped and fell in the entryway of the defendant's store on a day on which it had been "snowing intermittently." **Id.** at 377. Plaintiff observed a puddle of water, and several witnesses testified that the floor had been wet at least three to five minutes before plaintiff walked in. The trial court granted a nonsuit, and our Supreme Court affirmed, concluding that the plaintiff had failed to establish actual or constructive knowledge. The Court observed:

> No Court has ever held that five minutes is sufficient constructive notice of a dangerous condition; to so hold would be to make the defendant an insurer. If that were the law, then every time it rained or snowed the owner of a large department store would have to employ a great many extra people for the sole purpose of inspecting every minute or every five minutes every entrance, aisle, corridor and stairway in the store, in order to instantly clean up and eliminate every wet or possibly slippery, or possibly dangerous condition and every puddle [that] might be found to exist anywhere in the store. Such a standard is not only unreasonable and unsupported by any authority, but is so absurd that it would bankrupt every large store owner in Pennsylvania.

**Id.** at 378. As the Court further stated, a store is "not an insurer; it owed to the plaintiff only the duty of reasonable care in the circumstances viz. to correct any unsafe condition **which was discoverable by the exercise of**

**reasonable care and diligence**." *Id.* (emphasis added). Here, as the trial court properly found, Webb presented no evidence that would have allowed a finder of fact to impute to Weis constructive knowledge of a dangerous condition.

Finally, we note Webb's claim that a mat or rug would have prevented her from slipping "due to [her] own feet being wet from the recent rainstorm," Brief of Appellant, at 18 (emphasis omitted), is belied by her own deposition testimony, in which she stated that her flip-flops **were not wet** when she entered the store. *See* Webb Deposition, 3/24/23, at 43 ("Q: So[,] do you believe that—or is it your recollection that your flip-flops were wet prior to entering the vestibule? A: I don't believe that they were. I had no issues in the other buildings that I went into with them, which would lead me to believe that this floor was wet that I stepped on.").

Accordingly, Webb is entitled to no relief.[1]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/24/2025

---

[1] Because we conclude that Webb failed to establish Weis breached its duty of care, we need not reach the issue of whether Webb presented sufficient evidence of her damages to overcome summary judgment.