Johnson et al., Appellants, *v.* Dew.

Argued November 9, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Lawrence R. Nelson,* for appellants.

*John A. Bowler,* with him *John W. English,* and *English, Gilson, Bowler, Shamp & Levin,* for appellees.

OPINION BY WATKINS, J., December 16, 1964:

These are appeals from a judgment entered by the Court of Common Pleas of Erie County in favor of the defendant-appellee, Penn Industrial Supply Co., Inc. and against Fred H. Johnson and Edwin J. Richards, Jr., plaintiffs-appellants, upon the whole record, as authorized by the Act of April 20, 1911, P. L. 70, 12 PS §684; the court below refused a similar motion on behalf of the defendant, Lawrence E. Dew.

The Act provides that if, as here, a point requesting binding instructions was presented and the jury

have disagreed, the appellee may "move the court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record, and for judgment in his favor upon the whole record; . . .". Judgment can be entered for the defendant on the whole record only if the evidence, viewed in the light most advantageous to the plaintiff, resolving all conflicts therein in his favor, and giving him the benefit of every fact and inference pertaining to the issues involved which may be reasonably deduced therefrom, would not justify a verdict and judgment in his favor. *Stabelli v. Somerton B. & L. Assn.,* 343 Pa. 460, 23 A. 2d 477 (1942); *Mellott v. Tuckey,* 350 Pa. 74, 38 A. 2d 40 (1944).

However, before summarizing the facts of this case in view of the above, we must do so with regard to the law in the particular circumstances of this case, i.e., one who calls the adverse party as upon cross-examination is concluded by his testimony if uncontradicted and credible. Most of the testimony in this case was given by the defendant pilot Dew, an adverse party who was called as upon cross-examination. *White v. Chester Municipal Authority,* 349 Pa. 118, 36 A. 2d 455 (1944); *Peters v. Shear,* 351 Pa. 521, 41 A. 2d 556 (1945).

There is a clear distinction between the entry of a judgment non obstante veredicto under the Act of 1905, as amended, and the entry of a judgment upon the whole record under the Act of 1911. "In the first category, the facts are conclusively established, as a matter of law, by a jury's verdict, while in the second group there has been a disagreement of the jury and no one but the court can find the facts in passing upon a motion for judgment under the Act of 1911. . . . But, a trial court now has the power to enter judgments in such circumstances,—a power which will no doubt be appropriately and effectively exercised when-

ever the facts are such that reasonable and sensible men can not differ about them or draw conflicting inferences from them." *DeWaele v. Metropolitan Life Insurance Company,* 358 Pa. 574, 587, 58 A. 2d 34 (1948).

The accident and the resultant damage occurred when the aircraft piloted by the defendant, Dew, in attempting to leave the Erie airport, had trouble because of power failure and decided to try to return to the airport to land rather than endanger a populous area. He was successful in landing but was unable to control the direction of his plane so that it struck and damaged the parked planes of the appellants. The facts, as found by the court below, are set forth in the opinion as follows:

"At the trial it was shown that an airplane owned by the Penn Industrial Supply Company, Inc., hereinafter referred to as Penn, on August 25, 1961, was located in a hangar in Wheeling, West Virginia. B. L. Bertges, the principal owner of defendant Penn, used said airplane for business purposes, but on and before August 25, 1961, was in Florida. The defendant Dew attempted to contact Mr. Bertges on August 20, 1961 for permission to use said airplane for Dew's own purposes.

"When he was unable to contact Mr. Bertges he nevertheless took the plane on August 25, 1961, and flew it twenty-five miles to Pughtown, West Virginia, where he placed gasoline in the fuel tanks. He then flew for five hours to the Ontario Airport and thereafter to the Erie Airport. In attempting to leave Erie Airport on August 28, 1961, the accident and resulting damage occurred.

"Plaintiffs contended at the time of trial after proving that there was water in the fuel line and sump after the accident that the jury could determine there was negligence on the part of the defendant Penn in

permitting its airplane to be in that condition. No other act of negligence by Penn is contended.

"First, assuming that there was water in the fuel line, sump, or carburetor, there is no proof that this condition existed when the defendant Dew took the plane from its hangar in West Virginia. Any water in the fuel line could well have been contained in gasoline purchased by the defendant Dew or from condensation in the gasoline tanks while at the Erie Airport for three or four days. B. L. Bertges testified that the plane had been inspected and passed all proper tests required by Federal authorities and that when last used by Bertges was in perfect operating condition. Furthermore, the testimony shows this airplane was flown more than five hours without apparent difficulty after being taken by defendant Dew from the West Virginia airport.

"Again assuming there might have been water in the fuel line when defendant Dew took the airplane from its West Virginia hangar, no responsibility for this condition or any other condition of disrepair inures to the benefit of these plaintiffs as against Penn. The owner and operator of the airplane was in Florida and knew nothing of the accident or the fact that Dew had taken the airplane from its hangar a few days previously. There is no proof, direct or by implication, that defendant Dew was operating the airplane in the interests of or with the permission of the defendant Penn. In fact, all of the testimony shows that defendant Dew simply took the airplane for his own personal use without the knowledge or permission, express or implied, from the defendant Penn."

We cannot agree that with the advances made in the manufacture and use of airplanes, the strict rules for maintenance, inspection and certification that they constitute a highly dangerous instrumentality per se which would bring this case within the holding of

*Kuhns v. Brugger*, 390 Pa. 331, 135 A. 2d 395 (1957). We find no abuse of power by the court below. Its determination in this matter is substantiated by the record.

Defendant, Lawrence E. Dew, would have us review the refusal of his motion for judgment on the whole record by the court below, even though no appeal was taken therefrom. Under the Act of 1911 it is only where a judgment is entered that a right of appeal exists in favor of the party against whom the judgment is entered. An order denying a motion for judgment upon the whole record is not a judgment in contemplation of the Act. When a jury disagrees, unless a judgment is entered on the whole record, a new trial ensues without a grant thereof by the court. *DeWaele v. Metropolitan Life Insurance Company*, supra.

Judgment affirmed.