Verzella et ux., Appellants, *v.* Caste Brothers, Inc.

Argued November 10, 1965. Before. ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Louis Vaira,* for appellants.

*Raymond W. Cromer,* with him *Eugene J. Reinbold,* and *Beck, McGinnis & Jarvis,* for appellee.

OPINION BY JACOBS, J., December 16, 1965:

In this assumpsit action based on alleged breach of contract for the construction of a house the court below granted a new trial after plaintiffs refused to file a remittitur of $1,591.55 of the $2,420 verdict in their favor. The sole issue presented to us is whether or not we should reverse such action. In considering the grant of a new trial by the lower court, an appellate court will affirm unless there has been a clear abuse of discretion or error of law. *Muroski v. Hnath,* 392 Pa. 233, 139 A. 2d 902 (1958). In this case the lower court has neither abused its discretion nor made an error of law in granting a new trial and its action must be affirmed.

Plaintiffs below, appellants herein, entered into a written contract with the defendant to construct a house for them upon a designated lot of ground. Approximately ten days before final settlement the hus-

band-plaintiff entered the completed house and made an examination of it. He observed certain defects and complained of them to an officer of the defendant who accompanied him on the inspection tour. On November 26, 1960, final settlement was made. The defendant at that time gave the plaintiffs a letter dated November 25, 1960, listing what the defendant would repair in the house. The plaintiffs then paid the balance of the purchase price, accepted the deed, and moved into the house. This suit was brought primarily to recover for alleged defects not covered in the letter given by defendant to plaintiffs at the time of settlement.

One of those alleged defects resulted in the seepage of water into the garage under the house. In order to show the amount of their damages resulting from this alleged breach the plaintiffs called Jack J. Lorenzi to testify as an expert. Over objection of defense counsel he was permitted to testify that it would cost $1,800 to correct the defect. As the court below in its opinion ordering a new trial realized, Mr. Lorenzi's testimony was inadmissible because he had no knowledge of conditions as they existed at the time the alleged breach occurred or at the time it was discovered. Damages for breach of a construction contract are to be measured as of the date of the breach. *Brourman v. Bova,* 198 Pa. Superior Ct. 279, 182 A. 2d 245 (1962). While there is some vagueness as to when the seepage first appeared, the theory of plaintiffs' case is that it was the fault of the defendant and was present before the plaintiffs made any change in the terrain. Mr. Lorenzi testified that he examined the house in April or May of 1962, which was seventeen or eighteen months after the plaintiffs had accepted the house and some time after the plaintiffs had built a stone retaining wall, filled in around the foundations, and regraded and landscaped, changing the grade and drainage flow. His estimate of costs, based on conditions as he saw

them on the ground in 1962, included the cost of digging up the ground around certain portions of the foundation, repairing and relocating the french drain, and waterproofing the cement block walls of the foundation. When he was asked if his estimate would be substantially less if it had been made before the dirt was filled in, he answered, "Yes, definitely." When he was then asked to give a figure for that time, which would have been the proper target of inquiry, he answered, "I have no way of knowing how low the dirt was at that time." It is fundamental that even an expert witness must testify on the basis of facts within his knowledge, either personal or otherwise provided by the evidence, and since Mr. Lorenzi had no knowledge of conditions as they existed at the time of the breach, his testimony was inadmissible.

The verdict of the jury was in the principal amount of $2,000, the balance being interest. It is impossible to say what items the jury considered but the improperly admitted testimony of Mr. Lorenzi may have been very material in determining the amount of verdict. The action of the court below was a wise exercise of its discretion.

Order affirmed.