George A. Shegda, Inc. *v.* Standard Merchandising Co., Inc., Appellant.

Argued September 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Steven M. Dranoff,* with him *Gary A. Krimstock,* and *Spivack, Dranoff & Shaw,* for appellant.

*Sidney E. Herold,* for appellee.

OPINION BY PRICE, J., December 11, 1974:

This appeal follows the dismissal of appellant's exceptions to the verdict for failure to file a timely brief with the lower court en banc, as required by a local rule of civil procedure in Montgomery County.

The facts are as follows: On January 10, 1970, the appellee, George A. Shegda, Inc., and appellant, Standard Merchandising Co., Inc., entered into a written contract under which appellee was to repair and alter appellant's industrial building in Camden, New Jersey. The contract price was $19,732. A contract for additional work to be performed by Shegda at a cost of $4,480 was entered into at a later date. At the completion of performance, appellant had paid 90% of the original contract price and none of the second contract price. Appellee thereupon instituted this action, seeking to recover the 10% due on the original contract plus $4,480 on the second contract.

Standard filed an answer and new matter, and a counterclaim in which appellant alleged that Shegda had not completed the original contract, that a substantial amount of the work Shegda had performed was done in an unworkmanlike manner, and that there had never been a second contract for additional work. Standard also alleged that it had paid $999.85 to certain subcontractors and suppliers because appellee had failed to do so.

Following a non-jury trial on February 13, 1973, the trier of fact rendered a verdict for Shegda in the amount of $3,198, and in favor of Standard in the amount of $568.60, on the counterclaim.

Standard filed timely exceptions to both verdicts on March 1, 1973, and Shegda praeciped the case for argument on April 23, 1973. On October 12, 1973, appellant filed its brief. Argument was to have taken place on October 15, 1973. Instead, the court en banc dismissed the exceptions without argument due to Standard's failure to file its brief within 30 days of the notice of the praecipe, which the court below assumed was April 23, 1973.

However, the court en banc acted improperly in dismissing the exceptions, apparently because it was unaware that appellee had also violated local court Rule 301(d) by failing to notify Standard that the argument was praeciped. Rule 301(d) in part requires the respondent to serve upon the moving party notice of the filing of a praecipe *on the date of filing*. By its admission on the record and during oral argument before this court, appellee conceded its failure to notify appellant of the filing, thus precluding appellant from complying with that section of Rule 301(d), which requires the filing of briefs within 30 days of notice of the praecipe.

Standard was first notified that the case had been praeciped when it received a letter from the Court Administrator on September 13, 1973. Appellee thereupon complied with Rule 301(d) by filing its brief within the 30-day period. Therefore, the court en banc should not have dismissed the exceptions for that reason alone, and we could remand the case for argument on the merits.

However, both parties argued the merits of the case before us, and as the only issues raised concern the propriety of the trial court's ruling in excluding cer-

tain expert testimony, we will consider the arguments at this time.

During its case based on the counterclaim, appellant attempted to examine Charles Frates, an architect, as to the reasonableness of certain costs of repair. The repair work had been performed in the early months of 1970. However, Mr. Frates did not examine the premises until January of 1973, almost three years subsequent to the completion of appellee's work.

The bills which Mr. Frates was asked to evaluate for their reasonableness had been submitted in November of 1970—more than two years before the witness first examined the premises or saw the repairs which had been performed. The learned trial judge refused to permit the architect to testify as to the reasonableness of the bills, by stating: "THE COURT: I am going to sustain the objection, that is too remote, and unless you can prove he saw it before January of 1973, which was just last month, I don't see how we can permit that cost to have any influence on the Court. It's three years' use of the facility now, and the cost of repair, when he saw it, if I have to lay it out for you, is not proper in this case. So, therefore, I will sustain the objection as to remoteness." (NT 103-104)

We find no error in the ruling of the court below. Mr. Frates had no knowledge of conditions as they existed at the time of the alleged defective performance of the construction contract, nor of the extent of the repairs required to correct any breach. His testimony was, therefore, inadmissible. *Verzella v. Caste Brothers, Inc.,* 207 Pa. Superior Ct. 74, 215 A.2d 264 (1965).

Damages for breach of a construction contract are to be measured at the date of the breach. *Brourman v. Bova,* 198 Pa. Superior Ct. 279, 182 A.2d 245 (1962). This expert had no knowledge of the condition of the premises at the time of the alleged breach and, there-

fore, had no basis on which to state whether costs of repairing those conditions in 1970 were reasonable. And any testimony concerning costs of repair in 1973 when Mr. Frates inspected the premises would be irrelevant due to spiraling costs of labor, building materials, etc. *Brourman v. Bova, supra.* The trial judge acted properly in refusing the proffered testimony.

Affirmed.

CONCURRING AND DISSENTING OPINION BY HOFFMAN, J.:

I concur in the holding of the Majority that the lower court en banc erred in dismissing appellant's exceptions without argument. Nevertheless, I believe that this Court should not reach the substantive merits of this case before allowing the matter to be heard by the lower court en banc.

Our Supreme Court has recently reemphasized the fact that an assignment of trial error is not properly brought before an appellate court if it has not first been presented to the lower court on post-trial motions. *Commonwealth v. Reid,* 458 Pa. 357, 326 A.2d 267 (Filed by the Supreme Court on October 16, 1974). The orderly administration of justice "requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal." *Commonwealth v. Reid, supra,* 458 Pa. at 358, 326 A. 2d at 268.[1] This principle applies a fortiorari in civil cases. *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974).

---

[1] As we have noted, "[s]uch a procedure offers lower courts the opportunity to rectify their own errors immediately and obviates the delay and expense of appellate review. Moreover, these motions aid in clarifying and framing the issues which are to be raised on appeal." *Commonwealth v. Grillo,* 208 Pa. Superior Ct. 444, 449, n.1, 222 A.2d 427, 430, n.1 (1966).

This Court has determined that the lower court committed error in refusing to hear the merits of this case. I believe that we must, therefore, remand to allow the lower court to make such a consideration of the merits. Absent such a consideration, the substantive merits of this case are not properly argued before our Court.

This case should be remanded to the lower court en banc for consideration of appellant's exceptions.

SPAETH, J., joins in this concurring and dissenting opinion.