378 A.2d 477

Kathleen HOGAN, Appellee,

v.

BRYN MAWR HOSPITAL, Original Defendant,

**and**

Olive Shreve, Additional Defendant.

**Appeal of BRYN MAWR HOSPITAL.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1976.

Decided Oct. 6, 1977.

Andrew L. Braunfeld, Norristown, with him John C. Donlevie, Norristown, for original defendant.

Roger J. Harrington, Philadelphia, with him John J. O'Brien, West Chester, for appellee.

Paul C. VanDyke, Media, for additional defendant.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This is an appeal from an order denying the appellant-original defendant Bryn Mawr Hospital's motion for judgment on the whole record and granting the appellee-additional defendant Olive Shreve's motion for judgment on the whole record. We do not reach three of the Hospital's allegations, finding them to be improperly raised at this point.[1] The Hospital's fourth contention, that the court below improperly granted appellee Olive Shreve's motion for judgment on the whole record, is meritorious. We therefore reverse only that portion of the lower court's order.

1. The claims raised by the appellant which we do not review in this appeal are as follows: (1) The trial court should have ruled as a matter of law that the additional defendant was an independent contractor and that the defendant Hospital could not be vicariously liable for her negligence; (2) the trial court should have directed a verdict in favor of the defendant Hospital because the plaintiff failed to introduce competent expert testimony as to the requisite standard of care applicable to this case and the alleged breach of that standard of care; and (3) the trial court should have directed a verdict in favor of the defendant Hospital because the plaintiff failed to prove that any negligence by the defendant was the proximate cause of the plaintiff's injury.

On April 24, 1972, the appellee, Kathleen Hogan, then 79 years of age, was admitted to Bryn Mawr Hospital and shortly thereafter underwent an operation for an intestinal obstruction. Mrs. Hogan was scheduled to be discharged from the Hospital on May 19, 1972. Sometime during the afternoon of May 18, 1972, however, she began to vomit, and her discharge was postponed pending the results of a series of gastrointestinal X–rays to be taken the following day.

Pursuant to the orders of Dr. Peltz, the surgeon who performed the intestinal operation, and at the request of Mrs. Hogan's daughter, Mrs. Kathleen Decker, Mrs. Hogan was attended by private duty nurses on a "round the clock" basis. When Mrs. Hogan's discharge was postponed, a new private duty nurse for the 7:00 a. m. to 3:00 p. m. shift on May 19, 1972, had to be retained because the nurse previously scheduled on that shift had been reassigned in anticipation of the patient's discharge.

The replacement was Mrs. Olive Shreve, R.N., a private duty nurse who had worked at Bryn Mawr Hospital for more than eighteen years. Mrs. Shreve was retained through the Hospital Registry, as were the other private duty nurses caring for Mrs. Hogan. At 6:50 a. m. on May 19, 1972, Mrs. Shreve reported for duty and was informed by the clerk in the Registry office that she had been assigned to Kathleen Hogan, who was located in room 374 on wing 3-c. Mrs. Shreve had no prior knowledge of whom her patient for that day was to be, and she had never before seen or heard of Mrs. Hogan. According to hospital rules, Mrs. Shreve then reported to Ann Gallagher, the head nurse on wing 3-c, who gave her the patient's voluminous chart. Mrs. Shreve commented that "it looks as though this lady has been here a long time." According to Mrs. Shreve's uncontradicted trial testimony, Ann Gallagher replied:

"Oh, she's fine. She should have gone home yesterday, but they held her over to take an X–ray . . . If the X–rays are alright, she will probably go home today." (Printed Record, hereinafter PR 81a).

This exchange lasted no more than a few minutes. Mrs. Shreve's impression was that Ann Gallagher was anxious to confer with some other nurses.

Mrs. Shreve then proceeded to Mrs. Hogan's room. She had little opportunity to peruse the latter's chart, however, because Mrs. Hogan was upset over being denied water during the night. Mrs. Shreve first explained that this procedure was required for the type of X—rays which were scheduled. To assuage the patient's disturbed condition, Mrs. Shreve continued to keep her talking and occupied while attending to routine nursing functions, bathing, oral hygiene, and so on. Shortly after 8:00 a. m., Mrs. Shreve moved Mrs. Hogan from her bed into a wheel chair and took her to the X—ray department. Somewhere between 8:30 a. m. and 8:35 a. m., she returned Mrs. Hogan to her room.

Mrs. Shreve noted from the chart that the patient had to receive insulin before she could eat breakfast. After inquiring from Mrs. Hogan where she would like to dine, Mrs. Shreve moved her to the low, upholstered chair she had indicated. This accomplished, Mrs. Shreve put a blanket over Mrs. Hogan and brought her a newspaper, telling her that her breakfast tray was being kept warm and that she should look at the paper while Mrs. Shreve went to get her insulin. Mrs. Shreve was barely more than launched on this mission—she had not yet reached the medicine room—when someone called to her that Mrs. Hogan was sitting on the floor. Subsequent examination revealed that Mrs. Hogan had suffered a fracture of her right hip, an injury which required surgical repair and a lengthy convalescence.

On January 26, 1973, the plaintiff-appellee commenced her action against Bryn Mawr Hospital by filing a complaint in which it was alleged, *inter alia*, that the Hospital, acting by and through its duly authorized agents, servants, or employees, was negligent by failing to use due care in the supervision and attendance of plaintiff-appellee; by permitting the employment of inappropriate or inadequate methods, techniques and procedures in the care, treatment, and supervision of plaintiff-appellee; and by negligently causing plain-

tiff-appellee to be left unattended at a time when the Hospital either knew or reasonably should have known that leaving plaintiff-appellee unattended was unsafe and was likely to result in severe injury to her. The complaint alleged negligence only against the Hospital. The plaintiff-appellee's theory at trial, which remains unchanged in this appeal, was that if the Hospital had properly enforced its own rules and regulations through its head nurse on wing 3-c, the plaintiff-appellee would not have been left alone in her room at any time and the injury she sustained would not have occurred. The Hospital joined Olive Shreve as an additional defendant, asserting that the injury to the plaintiff-appellee was not due to any negligence on its part but was caused by the negligence of Mrs. Shreve, who it maintained was not its agent, servant or employee, but an independent contractor.

The first attempt to try this case, in June of 1975, ended in a mistrial. The case was retried before a different judge and a jury on August 8, 11, and 12, 1975. After deliberating for approximately eleven hours, the jury was unable to reach a verdict. Both the original defendant Hospital and the additional defendant Olive Shreve filed motions for judgment on the whole record. These motions were argued before a court en banc and briefs were filed. In an order dated January 7, 1976, the lower court granted the additional defendant Olive Shreve's motion for judgment on the whole record and directed the prothonotary to enter judgment in her favor. The original defendant Hospital's similar motion was denied, and the court administrator was directed to relist the case for trial. The instant appeal followed.

The statutory basis for a motion for judgment on the whole record is found in the Act of April 20, 1911, P.L. 70, § 1, *as amended*, Act of June 3, 1971, P.L. 125, No. 6, § 1 (12 P.S. § 684), which provides that:

"Whenever upon the trial of any issue a point requesting binding instructions has been reserved or declined, and the jury have disagreed, the party presenting the point may, within the time prescribed for moving for a new

trial, or within such other or further time as the court shall allow, move the court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record, and for judgment in his favor upon the whole record; whereupon it shall be the duty of the court, unless it shall be of opinion that the case should be retried, to so certify the evidence, and to enter such judgment, if any, as under the law should have been entered upon that evidence at the time of trial, at the same time granting to the party against whom the judgment is rendered an exception to the action of the court in that regard. From the judgment thus entered the party against whom it is entered may appeal."

■ The first three issues the appellant Hospital has raised herein are clearly directed to the trial court's refusal of its motion for judgment upon the whole record and are therefore not cognizable by this court on appeal. In *Johnson v. Dew*, 204 Pa.Super. 526, 531, 205 A.2d 880, 883 (1964), the court held that:

"Under the Act of 1911 it is only where a judgment is entered that a right of appeal exists in favor of the party against whom judgment is entered. An order denying judgment upon the whole record is not a judgment in contemplation of the Act. When a jury disagrees, unless a judgment is entered upon the whole record, a new trial ensues without a grant thereof by the court. *DeWaele v. Metropolitan Life Insurance Co.* [358 Pa. 574, 587, 58 A.2d 34 (1948)]."

The trial court's denial of the appellant Hospital's motion is thus not subject to review. Moreover, the trial court's direction to relist the case for trial was unquestionably proper.

■ The appellant Hospital's final claim is that the court below erred in granting the additional defendant Olive Shreve's motion for judgment upon the whole record. The entering of judgment upon the whole record for a defendant (here additional defendant) is proper only where the evidence, viewed in the light most advantageous to the plaintiff

(here original defendant), resolving all conflicts therein in its favor, and giving it the benefit of every fact and inference pertaining to the issues involved which may reasonably be deduced therefrom, would not justify a verdict and judgment in its favor. *DeGregoris v. Stockwell Rubber Co.*, 235 Pa.Super. 71, 340 A.2d 570 (1975); *Johnson v. Dew, supra.* In its opinion, the lower court declares that "it is clear from the evidence that judgment should have been entered for additional defendant upon the whole record." We cannot agree with that conclusion.

■ At trial, cross-examination of Mrs. Shreve resulted in the following exchange:

"Mr. Braunfeld: 'Did you know that she suffered from cerebrovascular insufficiency at the time when you took her down for the X–rays?'

The Court: Answer: 'What I read on the report I knew, yes.'

BY MR. BRAUNFELD:

Q. Now, Mrs. Shreve, by the report, you meant the chart, didn't you?

A. Yes.

Q. So if you had read it on the chart, it would have had to be before you took her down to X–ray, wouldn't it?

A. Yes.

Q. Now Mrs. Shreve, I know it's been a long time, all right, and I don't mean to suggest anything by these questions, but in light of talking about your testimony that was back in 1974, and closer to the incident itself, are you able to say whether or not you looked at that chart in the room before you took Mrs. Hogan down to the X–rays?

A. Not in detail. I glanced at it—the necessary parts, but I didn't read it in detail.

Q. But you did know the physical ailments from which she suffered, didn't you?

A. Yes." (PR 101a–02a).

Looking at the above-quoted testimony in the light most favorable to the original defendant and granting to it all

reasonable inferences therefrom, we cannot conclusively state that the evidence in this case could not justify a finding of negligence on the part of the additional defendant and a consequent verdict and judgment against her. On the basis of Mrs. Shreve's admissions regarding her awareness of Mrs. Hogan's general condition and various maladies, a jury might find that Mrs. Shreve reasonably should have known the risk involved in leaving her patient even momentarily unattended.

"A judgment on the whole record may be granted properly only if binding instructions should have been given at the trial: *Shapiro v. Philadelphia Electric Co.*, 342 Pa. 416, 417, 21 A.2d 26 (1941). Binding instructions may not be given if there is a question of fact properly submissible to the jury. *Harris v. DeFelice*, 379 Pa. 469, 475, 109 A.2d 174 (1954)." *Lambert v. Pittsburgh Rys. Co.*, 405 Pa. 364, 367, 175 A.2d 870, 872 (1961). The evidence in the instant case certainly presented a question of fact in regard to the reasonableness of the additional defendant's conduct. An entry of judgment on the whole record in her favor was therefore improper.

The order of January 7, 1976, granting additional defendant Olive Shreve's motion for judgment on the whole record is reversed. The case is remanded for a new trial including all original parties.