447 A.2d 1020

**William Keith MIKESELL**

v.

**Cathy Diane CORRY, an individual, and Thomas Corry, an individual, and Gary Stipancic, an individual and A–Z Chevrolet, Inc., a corporation.**

**Appeal of Cathy Diane CORRY.**

**Gary STIPANCIC**

v.

**Cathy Diane CORRY and William Mikesell.**

**Appeal of Cathy Diane CORRY.**

Superior Court of Pennsylvania.

Argued Feb. 8, 1982.
Filed July 9, 1982.

John A. Robb, Pittsburgh, for appellant.

Louis M. Tarasi, Jr., Pittsburgh, for appellees.

Before BROSKY, CIRILLO and POPOVICH, JJ.

CIRILLO, Judge:

This is an appeal from an order dismissing appellant's motion for a judgment on the whole record after disagreement of the jury. Because the order entered in this case cannot be reduced to final judgment, we cannot reach the merits and must quash the appeal.

The relevant facts can be summarized as follows: Two consolidated actions arose out of a vehicular-pedestrian accident which occurred on April 22, 1978. On March 27, 1981, after four days of trial, the jury returned a verdict in both actions, finding all parties comparatively negligent. The verdicts were subsequently molded by the court and affirmed but they were later repudiated after a poll of the jury. In both cases, the court discharged the jury and

declared a mistrial, because the jury was unable to agree on a verdict.

On April 2, 1980, appellant timely[1] filed a motion for judgment on the whole record after disagreement of the jury. On July 22, 1980, the lower court dismissed post-trial motions of all parties other than appellant.[2] On May 1, 1981, the lower court entered an order denying appellant's motion for judgment on the whole record.[3] This appeal followed.

Appellant's motion for judgment on the whole record after disagreement of the jury was filed pursuant to the Act of April 20, 1911, P.L. 70, § 1, 12 P.S. § 684, which was subsequently repealed, by the Act of April 28, 1978, P.L. 202, No. 53 § 2, effective June 27, 1980.[4] Section 684 states:

Whenever upon the trial of any issue a point requesting binding instructions has been reserved or declined, and the jury have disagreed, the party presenting the point may, within the time prescribed for moving for a new trial, or within such other or further time as the court shall allow, move the court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record, and for judgment in his favor upon the whole record; whereupon it shall be the duty of the court, unless it shall be of opinion that the case should be retried, to so certify the evidence and to enter such judgment, if any, as under the law should have been entered upon the evidence at the time of trial, at the same time granting to the party against whom the judgment is rendered an exception to

1. Pennsylvania Rule of Civil Procedure, as adopted by Allegheny County, Local Rule 227.1 provides:
   All post trial motions after trial by jury, including . . . judgment upon the whole record after disagreement of a jury . . . shall be filed ten (10) days after nonsuit . . . or disagreement of the jury.

2. Appellee, William Keith Mikesell, had also filed a motion for judgment on the whole record after disagreement of the jury. His motion was denied, no appeal was taken from that denial.

3. The case was then automatically relisted for trial for May 18, 1981.

4. Appellant's motion was filed April 12, 1980, two months prior to the time the repeal of the Act of 1911 was to take effect.

the action of the court in that regard. *From the judgment thus entered the party against whom it is entered may appeal to the Supreme or Superior Court,* as in other cases, which shall review the action of the court below, and enter such judgment, if any, as should have been entered by the court below upon that evidence.

In *Hogan v. Bryn Mawr Hospital,* 250 Pa.Super. 109, 378 A.2d 477 (1977), the court held:

Under the Act of 1911, it is only where judgment is entered that a right of appeal exists in favor of the party against whom judgment is entered. An order denying judgment upon the whole record is not a judgment in contemplation of the Act. When a jury disagrees, unless a judgment is entered upon the whole record, a new trial ensues without a grant thereof by the court. *DeWaele v. Metropolitan Life Ins. Co.,* 358 Pa. 574, 578, 58 A.2d 34, 39 (1948).

The trial court's denial of appellant's motion for judgment on the whole record is thus not subject to review and the appeal must be quashed as interlocutory.

Appeals quashed.