499 A.2d 1065

**Richard F. CRUMMER and Dolores R. Crummer, His Wife**

v.

**Marvin J. BERKMAN and Judy M. Berkman, His Wife.**

**Appeal of Judy M. BERKMAN.**

Superior Court of Pennsylvania.

Argued Oct. 24, 1984.

Filed Oct. 18, 1985.

Benjamin B. Wechsler, II, Pittsburgh, for appellant.
Joan Shoemaker, Pittsburgh, for appellees.

Before SPAETH, President Judge, and BROSKY and OLSZEWSKI, JJ.

SPAETH, President Judge:

This is an appeal from judgment entered in an assumpsit action. The case arises from the breach of a contract by which appellant and her husband agreed to buy, and appellees to sell, a house for $225,000. N.T. 18–20. Appellees brought this action to recover their losses when they had to sell the house to someone else because appellants did not settle. Appellant and her husband counterclaimed to recover their deposit money and defended against appellees' complaint by alleging that appellees fraudulently induced them to sign the agreement of sale. The trial court directed a verdict as to liability in appellees' favor, entered a non-suit on the counterclaim, and submitted the case to the jury to calculate damages. The jury awarded damages of $47,634.25 and $19,750 in interest. Judgment was entered and this appeal followed. We reverse and remand for a new trial.

Because the trial court directed a verdict for appellees and entered a non-suit on the counterclaim, we must view the evidence in the light most favorable to appellant. *Lamp v. Pennsylvania Railroad Co.*, 305 Pa. 520, 158 A. 269 (1931). So viewed, the evidence was as follows.

On June 16, 1978, before the parties entered into their contract, appellee Richard Crummer represented to appellant and her husband that he was a director of a real estate business called National Apartment Leasing, but he did not disclose that as director, his duties were the supervision of maintenance. N.T. 31, 120. He then offered to assist appellant and her husband in writing an advertisement to sell their house and, after touring their house, told appellants that they would have no trouble selling it for $235,000. N.T. 122–24. Appellant and her husband asked whether they could make their contract of sale contingent upon selling their own house, but appellee did not agree to this. N.T. 125. As it happened, appellant and her husband were not able to sell their house before the date set by the contract for settlement and as a result, they breached the contract.

■ Viewed in the light most favorable to appellant, the jury might have found as follows: Appellee Richard Crummer held himself out to be an expert in real estate, when he was not; he assured appellant and her husband that they could sell their own house for a price equal to the contract price, although he had no basis for those assurances; relying on his assurances as an expert, appellant and her husband did not insist upon making the sale contingent on the sale of their own house. Had the jury so found, it might have returned a verdict against appellees, and for appellant and her husband on their counterclaim. For when a party is induced to enter into a transaction with another by means of fraud or misrepresentation, the transaction may be avoided by the innocent party. *See DeJoseph v. Zambelli,* 392 Pa. 24, 139 A.2d 644, 647 (1958); (*per curiam* affirmance of conclusions of law and findings of fact of trial court set out at 392 Pa. 24, 139 A.2d 644); *Clement Martin Inc. v. Gussey,* 191 Pa.Super. 464, 468–69, 157 A.2d 412, 415 (1960). Accordingly, neither the directed verdict nor the non-suit should have been entered.

■ We also conclude that a new trial should be granted because the trial court did not allow appellant to testify

about appellees' representations and struck evidence that appellees misrepresented the condition of the driveway. The testimony was not excludible as parol evidence, for it tended to prove appellees' fraud in inducing the agreement. *See Greenwood v. Kadoich,* 239 Pa.Super. 372, 357 A.2d 604 (1976). The evidence as to the condition of the driveway should not have been stricken, for it tended to prove a knowingly false representation that induced appellant and her husband to agree to a given price. "Fraud arises where the misrepresentation is knowingly false [and] renders a transaction voidable even where the misrepresentation is not material." *See DeJoseph v. Zambelli, supra;* 392 Pa. 24, 139 A.2d at 647; *Clement Martin Inc. v. Gussey, supra; See also,* Restatement 2d, Contracts § 164 (fraudulent *or* material misrepresentation makes contract voidable).

■ Appellant also argues that the trial court erred in instructing the jury as to the rate at which the jury could add interest to the damage award. The jury awarded interest at a rate equal to 41% of the damage award for the four years between the breach and their verdict. If interest had been awarded at the legal rate of 6% per year, *see* 42 Pa.C.S. § 8101, the amount of interest would have been only 24% of the award. On remand, the jury should be instructed that the prevailing party should be awarded interest at the maximum legal rate of 6% per year.

Judgment vacated and case remanded for new trial.[1]

OLSZEWSKI, J., files a concurring and dissenting opinion.

1. In the hope that judicial economy will be served, we shall discuss appellant's other arguments.

The first of these is that the trial court erred in excluding evidence that a power of attorney given by appellee Richard Crummer to his business partner had been notarized on a date other than the one on which appellee claimed. The trial court noted that a power of attorney need not be notarized and held that the evidence was "not material to any issue in this case." Slip opinion of trial court at 6. Appellant is correct that the falsity of the power of attorney would have been relevant to appellee's credibility; however, on retrial the issue may arise whether the trial court may nevertheless properly

OLSZEWSKI, Judge, concurring and dissenting:

I respectfully dissent from the majority's conclusion to remand for a new trial on the merits of this case. In my view, appellant has failed to show the elements of fraudulent inducement to enter into an agreement of sale necessary to allow the issue to progress to jury determination.

A directed verdict may be granted on the whole record only if the evidence, viewed in a light most advantageous to the non-moving party, and resolving all conflicts in her favor, and giving her the benefit of every fact and inference pertaining to the issues involved which may be reasonably deduced therefrom, would not justify a verdict and judgment in her favor. *Kuminkoski v. Daum*, 429 Pa. 494, 240 A.2d 524 (1968); *Hogan v. Bryn Mawr Hospital*, 250 Pa.Super. 109, 378 A.2d 477 (1977). In the instant case, appellant does not deny that the parties entered into an agreement of sale for the Crummer property, nor that the Berkmans failed to close on the property. Further, appellant does not contest the $35,000.00 differential between the price originally negotiated by the Crummers and the price eventually received.

Appellant argues that there is an issue of fact as to whether the Berkmans were fraudulently induced to enter

exclude the evidence as an attempt to use extrinsic evidence of a collateral matter to impeach appellee. *See Commonwealth v. Boggio*, 204 Pa.Super. 434, 438, 205 A.2d 694, 695 (1964).

Appellant also argues that the trial court erred in admitting into evidence bills for landscaping, security and snow removal services; in appellant's view, these were hearsay. We think the error, if any, was harmless since there was simultaneous testimony that such services were provided and of their cost. *See* N.T. 73–80. Related to this argument is appellant's argument that the trial court erred when it would not allow rebuttal testimony that the bills for security services were too high. The trial court took judicial notice that the $200 monthly charge was reasonable and refused to allow the witness to testify. Slip opinion of trial court at 7. The admission or rejection of rebuttal evidence is within the discretion of the trial court. *Mapp v. Dube*, 330 Pa.Super. 284, 479 A.2d 553 (1984). We cannot say that the trial court abused its discretion here.

Appellant's argument that the trial court erred in not admitting evidence of attempts to mitigate damages has no merit. That evidence was admitted. *See* N.T. 127–134.

the agreement of sale. I respectfully submit that the majority's myopic approach to the analysis of this issue ignores the elements necessary to establish a defense of fraud. Fraud must be shown by clear, precise and indubitable evidence: that a representation with an intent to induce reliance, with knowledge of its falsity, and that the victim reasonably relied upon the misrepresentation. *Bachman v. Artinger*, 285 Pa.Super. 57, 426 A.2d 702 (1981); *National Building Leasing, Inc. v. Byler*, 252 Pa.Super. 370, 381 A.2d 963 (1977). The misrepresentation must concern a past or existing fact. *See College Watercolor Group, Inc., v. William H. Newbauer, Inc.*, 468 Pa. 103, 360 A.2d 200 (1976). An opinion, even an exaggerated opinion, is not fraudulent if it represents a person's true state of mind, even though the person may later change his mind. *Id; Sanders v. Lawn Mutual Ins. Co.*, 184 Pa.Super. 491, 168 A.2d 758 (1961).

Appellant's counterclaim failed to state a claim in fraud as a matter of law. Mr. Crummer's statement as to the value of appellant's house on the market was, at best, an opinion as to a future event. These were two parties dealing at arm's length. It is disingenuous for appellant to argue that she relied on the statement when the record shows that the Crummer's absolutely refused the proposal that the sale be made contingent upon the sale of appellant's property.

Reviewing the record in the light most favorable to appellant, resolving all conflicts in her favor and giving the benefit of every fact or inference, the only reasonable conclusion is that she has thrown up a smoke screen to avoid a valid contractual obligation. The clear, precise and indubitable bottom line is that appellant signed an agreement of sale after explicitly agreeing to exclude a contingency clause relating to the prior sale of her own home. Mr. Crummer correctly represented himself to be a partner in a real estate company: as noted by the court below, anyone might have made the comment attributed to him, since this was the very summer in which the escalation of

housing prices peaked and began their collapse. Further, the Crummer's made every effort to help appellant uphold her end of the bargain. Two extensions were granted on the closing date. Perhaps most compelling, the Crummer's at one point offered to buy out appellant's interest in the property for ten thousand dollars. Appellant refused this offer, despite the fact that the offer came a considerable time after appellant's residence had been on the market and failed to sell.

Appellant also argues that Mr. Crummer fraudulently misrepresented the cause of damage to a portion of the driveway to the house. It is alleged that the lower court erred in excluding expert testimony from the jury's consideration as to the cause of that damage. I would hold that the evidence was properly excluded. Questions concerning the admission or exclusion of evidence are within the sound discretion of the trial judge and will not be disturbed absent a manifest abuse of discretion. *Feld v. Merriam*, 314 Pa.Super. 414, 461 A.2d 225 (1983). Here, appellant offered expert testimony to show that the damage had been caused by subsidence or a landslide, and that Crummer's misrepresented the damages as having been caused by a snowplow. The testimony was excluded on two grounds. First, the expert conceded that except for the break in the driveway, he could not say that there was any noticeable sliding or subsidence prior to the Berkmans' inspection in June of 1978. Thus, there was absolutely no evidence from which it might be inferred that the Crummers knew of the condition of the underlying ground. *See Verzella v. Caste Brothers, Inc.*, 207 Pa.Super. 74, 215 A.2d 264 (1965) (evidence properly excluded where expert had not knowledge of conditions existing at time of alleged breach); *see also George A. Shegda, Inc. v. Standard Merchandising Co.*, 231 Pa.Super. 194, 332 A.2d 498 (1978). Appellant also argues that the testimony was admissible as to the measure of damages. The lower court properly excluded the testimony when the expert gave no evidence of the impairment of

value of the property or the cost of repair. *Verzella, supra.*

In sum, unwilling or unable to meet the terms of the agreement, appellant has raised this transparent defense of fraud. The lower court, applying the strict standard of review required for a directed vereict, having the benefit of observing the parties during oral argument, held that an issue of fraud had not been created as a matter of law. I would affirm that judgment.

I concur with the majority on the issue of the measure of interest on damages and would remand solely for a recomputation of interest.